WOLF, SAYER & HELLER, Inc., v. UNITED STATES SLICING MACH. CO.

(Circuit Court of Appeals, Seventh Circuit.    October 7, 1919.)

No. 2682.

1. PATENTS ⬡328—FOR MEAT-SLICING MACHINES VALID AND INFRINGED.
   The Van Berkel patents, Nos. 806,603 and 895,213, for meat-slicing machines with removable meat plates, *held* valid and infringed as to claim 2 of the earlier patent and claims 8, 9, and 10 of the later.

2. PATENTS ⬡289—LACHES BARRING RECOVERY FOR INFRINGEMENT.
   Where the owner of patents notified one who was already infringing that suit would be brought if improvement patents controlled by the owner were infringed, and no suit was brought for seven years, during which the infringers continued to make and vend the infringing machines, no recovery for that period of infringement of the original patents can be allowed; the owner being barred by laches.

3. CORPORATIONS ⬡30(6)—RATIFICATION BY CORPORATION OF ACTS OF UNINCORPORATED PREDECESSOR.
   Complainant corporation, which was the owner of patents, *held* to have ratified the acts and statements of a representative of its unincorporated predecessor with reference to suit for infringement of improvement patents, which amounted to acquiescence in infringement of original patents.

4. PATENTS ⬡261—KNOWLEDGE OF AND CONSENT TO INFRINGEMENT.
   Where a representative of the owner of a patent notified an infringer that, if improvement patents were infringed, suit would be brought, and the infringer continued to make and vend the infringing machines for a number of years, *held*, that the statement amounted to no more than a parol license to the infringer, which was revoked when infringement suit was begun; hence, though the owner was barred by laches from recovering damages for the past infringement, he might recover damages for infringement occurring after the suit, the conduct of the owner and statement of its representative not amounting to an estoppel.

⬡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Bill by the United States Slicing Machine Company against Wolf, Sayer & Heller, Incorporated. From a decree for complainant (249 Fed. 245), defendant appeals. Modified, and, as modified, affirmed.

Max W. Zabel, of Chicago, Ill., for appellant.

Frank T. Brown, of Chicago, Ill., for appellee.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

EVAN A. EVANS, Circuit Judge. [1] The decree from which this appeal is taken sustains two patents involving meat-cutting machines known as the Van Berkel patents, Nos. 806,603 and 895,213. The opinion of the District Court, appearing in 249 Fed. 245, so far as it deals with questions of validity and infringement, meets with our approval. We see no reason for any further discussion of these two questions.

[2] The decree provides for a reference and "that the plaintiff recover from the defendant * * * the profits, gains, and advantages which said defendant has derived * * * since February 3, 1911," etc. Appellants insist that, even though validity be found and infringement appear, appellee's rights have been lost by its laches, and further urges that this court should at least deny all relief for past infringements.

While the record does not establish the facts as conclusively as we might wish, we feel justified in concluding that appellee, the successor to an unincorporated company of the same name, has since 1909 been the United States representative of the owner of the patents in suit and possessed certain exclusive rights for this territory; that its president was associated with patentee and his exclusive licensee in Great Britain prior to taking charge of the business in the United States, and was at the time of the interview, hereinafter detailed, authorized to speak for the owner of the patent and its licensee in this country; that in April or May, 1909, the president of appellee called upon the president of the appellant company, and, to quote the former's language, "threatened him with an infringement suit * * * if he copied any of our improvement patents"; that the meaning of the expression "improvement patents" is clearly shown by a reference to a machine then in appellant's possession embodying the then latest improvements in meat-cutting machines; that the machine embodying the Van Berkel patents here involved was sold prior to this date under a license from Van Berkel to the American Slicing Machine Company; that appellant was at that time also making a meat-slicing machine which infringed the Van Berkel patents here involved, and the president of appellee in the same conversation, and by way of explanation of what was meant by "our improvement patents," said, "But if he insisted on copying our machine, as he had already copied the Van Berkel machine sold by the American Slicing Machine Company, I would certainly go to the court on the patent;" that after this conversation appellant delivered to appellee the machine which it had in its possession, and which embodied "our improvement patents" above referred to, and

was paid therefor by appellee; that thereafter appellant continued to make and sell in large quantities meat-slicing machines of the style and design referred to as the American Slicing Machine Company's machine, an infringement of the two Van Berkel patents, and was so engaged up to the commencement of this suit, July 7, 1915.

From this conversation appellant was justified in concluding that appellee acquiesced in the continued making of a machine, which merely infringed the two Van Berkel patents in suit, and which was a copy of the machine made by the American Slicing Machine Company, but that legal proceedings would follow any attempt to embody the improvement patents controlled by appellant. During all the succeeding years, from 1909 to 1915, appellee knew of appellant's making and selling the other model, and frequently replaced such machines with new ones of its own make.

We have given due consideration to the argument, most forcibly urged by appellee, that the machine made by appellant and referred to in the conversation above quoted did not in fact infringe the Van Berkel patents. But a careful examination of the record convinces us that the appellant's machine made prior to 1909, and continuously thereafter, was the same machine, so far as these patents are involved, as the one of which complaint is made in this suit.

[3] We have also given attention to the contention that the representative of the unincorporated company, known as the United States Slicing Machine Company, had no authority in 1909 to represent or to bind either Van Berkel or appellee. Such a position is exactly contrary to the one taken by appellant at the time the testimony was offered. This testimony was received on the theory that the witness came to the United States with authority from the owner of the patents to organize a company to handle the meat-slicing machine business under the Van Berkel patents. While the first United States Slicing Machine Company was unincorporated, and therefore a distinct entity from the subsequently incorporated company of the same name, yet the witness stated that it was lack of familiarity with the laws of this country that prevented an earlier incorporation, and that the subsequently incorporated company, the appellee herein, operating under the same name, acquired the rights of the predecessor company. That he was speaking in 1909 for the company in which he was largely interested cannot be denied, and his subsequent conduct as the chief officer of appellee, as well as his testimony and his attitude upon the trial, indicates most clearly that these statements were duly ratified by appellee.

[4] But it does not follow that, because appellee failed to assert its rights for seven or more years, it should be denied any and all relief in this suit. Menendez v. Holt, 128 U. S. 514, 9 Sup. Ct. 143, 32 L. Ed. 526; McLean v. Fleming, 96 U. S. 245, 24 L. Ed. 828. The conversation relied upon by appellant constituted at most merely a parol license to the infringer to construct machines, which it otherwise had no right to make, and was terminable upon notice. This termination of the parol license occurred when suit was begun.

The evidence, we think, discloses such laches as to prevent appellee

from collecting damages for past infringements, but fails to establish an estoppel. We conclude, therefore, that the decree should be modified, by denying appellee's right to recover damages for infringements prior to the commencement of the suit.

The decree is modified, by inserting "July 7, 1915" for the words "February 3, 1911," appearing in the fourth paragraph, and, as so modified, is affirmed; appellant to recover costs on this appeal.