## O'CEDAR CORPORATION v. F. W. WOOLWORTH CO. et al.

### No. 4816.

Circuit Court of Appeals, Seventh Circuit.
Oct. 19, 1934.

For prior opinion, see 66 F.(2d) 363.

George L. Wilkinson, Joseph B. Lawler, and Milton T. Miller, all of Chicago, Ill., for appellant.

Edward S. Rogers and Ednyfed H. Williams, both of Chicago, Ill., for appellee F. W. Woolworth Co.

Henry B. Floyd, of Chicago, Ill., for appellee Midway Chemical Co.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

PER CURIAM.

Appellant has petitioned us to recall the mandate in the above-entitled cause and to amend the opinion and the mandate so as to make the same more specific and inclusive. It urges us to direct the District Court to enter an interlocutory decree, which among other provisions will contain one awarding a money decree against appellees in favor of appellant for "all savings, profits, gains and advantages which the said defendants, and each of them, have derived, received or made through the sale of furniture polish bearing the said labels specifically complained of in the Bill of Complaint, or bearing any other label or labels or contained in any bottle, carton or container in or on which appeared the word 'Cedar' and/or 'Cedar Oil', in a manner to be mistaken for or confused with plaintiff's 'O-Cedar' or 'Cedarine' furniture polish, and that the plaintiff recover from the defendants, and each of them, all damages which it, the said plaintiff, has suffered by reason of any and all such unfair acts of the defendants, and each of them * * *," and referring the cause to a master to take testimony and determine the amount of said recovery.

Such a proposed decree was submitted, and the District Court, in refusing to enter it, said:

"The Court of Appeals held that the plaintiff was entitled to injunctive relief. It gave no directions whatever with respect to an accounting. The court does not understand that an accounting necessarily follows an injunction. The question has arisen as to whether or not, pursuant to the mandate of the Circuit Court of Appeals, an accounting must be ordered in order to carry out the terms of the mandate. The Circuit Court of Appeals did not order an accounting. The court believes that upon the redocketing of the case the matter of accounting is still open. On the case made the court does not believe that the plaintiff is entitled to an accounting.

"An accounting is very expensive. Whether or not the plaintiff is entitled to an accounting at least is a doubtful question. Before the parties are put to the enormous expense of an accounting, it is well that the question of whether or not the plaintiff is entitled thereto should be definitely and conclu-

sively settled. No appeal will lie from an order decreeing an accounting while an order denying an accounting is appealable."

 If we understand the ruling of the District Court, it correctly construed our opinion as not specifically directing an accounting of damages or of gains and profits. An accounting of damages and profits is a long and expensive proceeding which should not be ordered unless the prevailing party is entitled to recover such damages or profits. It is far better practice for the District Court to hear and determine the fact issues decisive of the right to a money decree before ordering a reference. While a court of equity, it is true, may refer issues, or the entire suit, to a special master, it is far better practice, except where stress of work or other good cause is shown, for the court to try the issues determinative of liability and merely refer matters of accounting to the master. Supreme Court Equity Rule 59 (28 USCA § 723); In re Volland (C. C. A.) 69 F.(2d) 475.

 Appellant may be entitled to a decree enjoining appellees from pursuing unfair practices and yet be entitled to recover only nominal damages. Wolf, Sayer & Heller, Inc., v. United States Slicing Machine Co. (C. C. A.) 261 F. 195. In other words, appellant may be estopped to claim damages or profits. Likewise, the statute of limitations may have run as to part or all of its claim. Then, too, appellant may be guilty of such laches as will prevent recovery of all or part of the damages or profits it would otherwise recover.

 On some appeals the record may be sufficient to permit the appellate court to determine whether the defense of laches, estoppel, or statute of limitations, etc., has been established. The instant case is not one of this class. A hearing by the District Court, and findings made on such hearing are necessary in this case. The rights of both parties will thus be preserved and the court's findings and orders may be ultimately reviewed. If the determinative issues of fact are found in favor of the appellant, the District Court will then proceed with the accounting, or order a reference to ascertain the amount recoverable. But such reference should be limited to an accounting on only such questions as the court, after passing on the defenses of laches, estoppel, etc., shall direct.

The motion is denied.