## *In re* WELGE.

*(District Court, E. D. Misssouri.* ——— 1880.)

BANKRUPTCY—ASSIGNEE—ALLOWANCE FOR SERVICES AS ATTORNEY.—The court in its discretion can allow an assignee in bankruptcy additional compensation for his services as an attorney at law in the conduct of necessary litigation for the preservation of the bankrupt estate.

Motion to set aside extra allowance to an assignee in bankruptcy for services rendered as an attorney at law.

*David Goldsmith,* assignee, *in propria persona.*

*S. N. Holliday,* for creditors.

TREAT, J. The motion in this case raises the legal question whether under any circumstances an assignee in bankruptcy can be allowed, by way of additional compensation, any sum whatever for his services as attorney in the conduct of necessary litigation for the preservation of a bankrupt estate. The doctrine of trusts forbids the trustee to speculate for his own benefit, but leaves to the chancellor to determine what the measure of his compensation should be.

An assignee, with the consent of court, can have an attor-

ney appointed, to whom proper fees are allowable. Why, then, if the assignee is a competent attorney, should he not act, and thus save the estate the expense of double charges? If some one other than himself were called into the case the needed information would have to be imparted, and even then an inadequate view of what is requisite might be presented.

Experience has shown that when laymen have been assignees they, from lack of legal information, have often turned over, practically, the administration of the respective estates to some attorney, and then claimed the statutory compensation for their services as assignees, and fees for their attorneys. This court has resolutely refused to allow such double compensation, for the assignee is compelled to perform all duties pertaining to his trust for the compensation allowed, and not to employ an attorney except in special cases. If extraordinary services are required and performed, an extra allowance is permitted; and why, if those extraordinary services are such as need a skilled attorney, should he not, if he performs those services, be allowed compensation therefor?

In this case it is not disputed that the assignee, being a competent attorney, and having no assets for expenses of litigation, did institute and successfully pursue needed litigation, whereby the sole assets were secured. If he did the professional work why should he not be allowed therefor, at least, the amount he would have had to pay some other attorney, whom he would have been compelled to instruct as to details?

There is no danger of abuse in such matters, because the allowance is to be made by the court, just as in trusts generally, where the chancellor passes on the true measure of compensation. Here the work was well and successfully done, and the compensation reasonable. Indeed, but for the hazard the assignee took no assets would have existed.

The motion to set aside the allowance is overruled, and the extra allowance granted, subject to the approval of the circuit judge.