In re TROTH.

(District Court, S. D. Ohio, W. D. September 24, 1900.)

No. 2,660.

BANKRUPTCY—COMPENSATION OF REFEREE.

Under general orders in bankruptcy No. 35, par. 2 (32 C. C. A. xxxiv., 89 Fed. xiii.), which provides that "the compensation of referees prescribed by the act shall be in full compensation for all services performed by them under the act or under these general orders," a court is not authorized to allow compensation to a referee in addition to that prescribed in Bankr. Act, § 40a, because of services performed on a reference to him of an application for discharge as authorized by general order 12, par. 3 (32 C. C. A. xvi., 89 Fed. vii.).

In Bankruptcy. On application of referee for additional allowance.

Herbert Jenney, for bankrupt.
Geo. B. Gardner, referee, in pro. per.

THOMPSON, District Judge. The referee in this case has received as compensation for his services the statutory fee of $10, and commissions on dividends to the amount of $22.69, and has been allowed for expenses $45.35. He now asks an additional allowance for expenses of $4, and additional compensation for extra services of $24. The $4 item is for printing notices, traveling expenses, and telephone messages, and will be allowed, but the additional compensation for services must be refused. The referee has rendered faithful service in the case, and the additional compensation asked for is not unreasonable, but the law does not authorize its allowance. On the contrary, the law expressly provides that:

"Referees shall receive as full compensation for their services, payable after they are rendered, a fee of ten dollars deposited with the clerk at the time

the petition is filed in each case, except when a fee is not required from a voluntary bankrupt, and from estates which have been administered before them one per centum commissions on sums to be paid as dividends and commissions, or one half of one per centum on the amount to be paid to creditors upon the confirmation of a composition." Bankr. Act, § 40a.

The case was referred to him to take testimony and report the facts upon the specifications filed in opposition to the petition of the bankrupt for discharge, and the court was inclined to regard this service as not being within the scope of the ordinary duties of the referee prescribed by the bankrupt act, and for which extra compensation might be allowed, as allowances are made to master commissioners of the court upon references to them; but the orders in bankruptcy established by the supreme court forbid any such construction of the law. Order 12, par. 3 (32 C. C. A. xvi., 89 Fed. vii.), provides that:

. "Applications for a discharge, or for the approval of a composition, or for an injunction to stay proceedings of a court or officer of the United States or of a state, shall be heard and decided by the judge. But he may refer such an application, or any specified issue arising thereon, to the referee to ascertain and report the facts."

And order 35, par. 2 (32 C. C. A. xxxiv., 89 Fed. xiii.), provides that:

"The compensation of referees, prescribed by the act, shall be in full compensation for all services performed by them under the act, or under these general orders."

Under the general orders the referee may be required to ascertain and report the facts upon applications for a discharge, but the compensation prescribed by the act shall not only be in full compensation for all services under the act, but for all services under the general orders. The additional compensation asked for, therefore, must be. refused