### In re GEORGE HALBERT CO.

#### (Circuit Court of Appeals, Second Circuit. November 22, 1904.)

1. BANKRUPTCY—TRUSTEES—COMPENSATION—LEGAL SERVICES.

Under Bankr. Act July 1, 1898, c. 541, § 48, 30 Stat. 557 [U. S. Comp. St. 1901, p. 3439], providing that trustees shall receive "as full compensation for their services," payable after they are rendered, the various percentages specified, a trustee who was also an attorney at law was not entitled to extra compensation for legal services rendered by him to the estate.

Petition for Revision of Proceedings of the District Court of the United States for the Eastern District of New York, in Bankruptcy.

This cause comes here upon petition to review an order of the District Court affirming a ruling of the referee in bankruptcy to the effect that the trustee, who happens to be an attorney and counselor at law, is entitled to extra compensation for legal services rendered to the estate.

Charles T. Ferry, for petitioners.

F. W. Park, for respondents.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

PER CURIAM. In support of the order sought to be reviewed, reference is made to two decisions: In re Mitchell, 1 Am. Bankr. Rep. 687, and In re Welge (D. C.) 1 Fed. 216. Both of these were under the bankruptcy act of March 2, 1867, c. 176, 14 Stat. 517, which provides that: "In addition to all expenses necessarily incurred by him in the execution of his trust in any case, the assignee shall be entitled to an allowance for his services in such case on all moneys received and paid out by him thus: [Giving various percentages.]" It must be assumed that Congress was advised of the fact that, under the language above cited, there had been occasions when trustees in bankruptcy who happened to be lawyers were allowed compensation for legal services in addition to their commissions, contrary to the almost universal practice, which refuses such allowances in the case of executors or of trustees generally. Presumably, it was to provide against such allowances being made under the bankrupt act of July 1, 1898, that Congress, in section 48 of such act (chapter 541, 30 Stat. 557 [U. S. Comp. St. 1901, p. 3439]), provided as follows: "Trustees shall receive as full compensation for their services, payable after they are rendered [the various percentages therein stated]." This language

is so precise, so unambiguous, and so explicit as to preclude the allowance of additional compensation upon any theory of a dual personality.

The order of the District Court is reversed, and the claim for extra services is disallowed.