## In re WILCOX.

(District Court, W. D. Michigan, S. D. June 15, 1907.)

BANKRUPTCY—FEES OF REFEREE—SERVICES RENDERED ON APPLICATION FOR DISCHARGE.

Under Bankr. Act July 1, 1898, as amended in 1903 by adding section 72 (Act Feb. 5, 1903, 32 Stat. 800, c. 487, § 18 [U. S. Comp. St. Supp. 1907, p. 1033]), providing that "neither the referee nor the trustee shall in any form or guise receive, nor shall the court allow them, any other or further compensation for their services than that expressly authorized and prescribed in this act," the court has no power to allow special compensation to a referee for services rendered on a reference to him of a contested application for discharge as authorized by general orders in bankruptcy No. 12.

In Bankruptcy.

KNAPPEN, District Judge. Objections having been filed to the bankrupt's discharge, the matter was referred to the referee, who now asks for special compensation for his services under that reference. The sole question presented is whether the statute permits special compensation for such service.

The original bankruptcy statute provided that referees should receive as full compensation for their services a fee of $10, plus a commission of 1 per cent. on sums paid as dividends and commissions, or one-half of 1 per cent. on amounts paid creditors under composition. Bankr. Act July 1, 1898, 30 Stat. 556, c. 541, § 40 [U. S. Comp. St. 1901, p. 3436]. Under this section it was held in at least two reported cases that the referee was entitled to additional compensation for services under a reference of this nature upon the ground that the referee acted in such case as a special master. Fellows v. Freudenthal, 102 Fed. 731, 42 C. C. A. 607; In re Grossman (D. C.) 11 Fed. 507. The contrary was held in Re Troth (D. C.) 104 Fed. 291. But for the statute of 1903 I should be inclined to hold that the referee is entitled to extra compensation for this class of services. The fees given by the statute of 1898 were generally regarded as inadequate, and in several districts it seems to have been the practice, by one method or another, to provide for additional compensation to referees. In 1903, however, the bankrupt act was amended by increasing the referee's fee to $15, and providing for an additional fee of 25 cents for every proof of claim filed for allowance, and extending the 1 per cent. commission to all moneys disbursed to creditors by the trustee. The amending act of 1903 contained this express condition:

"Sec. 72. That neither the referee nor the trustee shall in any form or guise receive, nor shall the court allow them, any other or further compensation

for their services than that expressly authorized and prescribed in this act." Act. July 1, 1898, amended by Act. Feb. 5, 1903, c. 487 [U. S. Comp. St. Supp. 1907, p. 1033], 32 Stat. 797.

All the decisions above cited were made previous to the 1903 amendment. Mr. Collier seems to think that, notwithstanding this amendment, it is within the province of the court to give additional compensation for services as special master. Collier on Bankruptcy (6th Ed.) p. 361. Mr. Loveland is apparently of the contrary opinion. Loveland on Bankruptcy (3d Ed.) § 36. It seems to me clear that the act of 1903, increasing the compensation of the referee, and adding the stringent prohibition against the receipt or allowance of "any other or further compensation for their services than that expressly authorized and prescribed in this act," without any limitation to services performed under the act, was passed to meet the conditions above referred to, and was intended to effectually forbid allowances of the nature here in question. It is difficult to imagine language more apt to that end. The case of In re Goldville Manufacturing Company (D. C.) 123 Fed. 579, does not hold to the contrary of this view. There the compensation was allowed because the services had been rendered before the act of 1903.

It is suggested that the services in this class of reference are performed, not as referee, but as special master, and not under the statute, but under the general orders in bankruptcy, and that, therefore, the statute above quoted does not apply. The statute provides that referees shall "perform such part of the duties, except as to questions arising out of the applications of bankrupts for compositions or discharges, as are by this act conferred on courts of bankruptcy and as shall be prescribed by rules or orders of the courts of bankruptcy of their respective districts, except as herein otherwise provided." Bankr. Act July 1, 1898, 30 Stat. 555, c. 541, § 38—a4 [U. S. Comp. St. 1901, p. 3435]. The referees, therefore, could not be authorized to determine the question of the bankrupt's discharge, but the Supreme Court has authority to make general orders within that limitation. General Order No. 12 accordingly provides:

"(3) An application for a discharge * * * shall be heard and decided by the judge. But he may refer such an application or any specified issue arising thereon, to the referee to ascertain and report the facts."

That the Supreme Court did not intend that additional compensation should be given for services under such reference appears from General Order No. 35-2.

"The compensation of referees, prescribed by the act, shall be in full compensation for all services performed by them under the act, or under these general orders; but shall not include expenses necessarily incurred by them in publishing or mailing notices, in traveling, or in perpetuating testimony, or other expenses necessarily incurred in the performance of their duties under the act and allowed by special order of the judge."

I see no escape from the conclusion that under the present law the referee can receive no compensation for services except the fees and commissions specified in the statute; and that the only specific allowance which can be made to him in connection with the services here

involved is for expenses necessarily incurred. In re Daniels (D. C.) 130 Fed. 597.

The application for such special compensation must therefore be denied.