## In re GILLARDON.

(District Court, E. D. Pennsylvania. May 4, 1911.)

### No. 3.243.

1. BANKRUPTCY (§ 415*)—APPLICATION FOR DISCHARGE—SPECIAL MASTER—APPOINTMENT.

    While Bankr. Act July 1, 1898, c. 541, § 14, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3427), requires the judge personally to hear the bankrupt's application for discharge, the judge may nevertheless avail himself of preliminary assistance and appoint a special master.

    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 415.*]

2. BANKRUPTCY (§ 415*)—APPLICATION FOR DISCHARGE—HEARING—APPOINTMENT OF MASTER—FEES.

    While it is customary to select the referee as special master to hear an application for a bankrupt's discharge, any other person may be appointed in the discretion of a judge, and, when so appointed, is entitled to reasonable compensation.

    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 415.*]

3. BANKRUPTCY (§ 482*)—APPLICATION FOR DISCHARGE—HEARING—ALLOWANCE TO BANKRUPT'S ATTORNEY—LIABILITY OF OBJECTING CREDITORS.

    Fees of a bankrupt's attorney for services in prosecuting a petition for the bankrupt's discharge cannot be charged against objecting creditors.

    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 482.*]

In the matter of the bankruptcy proceedings of Mary J. Gillardon. On exceptions to an award of costs before a master, on an application for a bankrupt's discharge, against objecting creditors. Sustained.

John R. Scholl, for exceptant.

J. B. Colahan, 3d, opposed.

J. B. McPHERSON, District Judge. [1] The bankruptcy act requires the judge himself to hear the application for discharge; but, as in other cases in equity, he may avail himself of preliminary assistance and appoint a special master.

[2] In this district, it is customary to select the person who has been acting as referee; but this is merely custom. Any other person may be appointed, in the discretion of the judge, and, if appointed, is, of course, entitled to reasonable compensation. The act itself does not provide for his fees, and the proper amount must therefore be fixed by the court in accordance with the circumstances of the particular case. In the present controversy I think $25 is adequate for the not very serious labor that was performed by the special master, and the objecting creditors are directed to pay him this amount.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[3] 'The master also allowed a fee to the bankrupt's counsel, and charged it against the objecting creditors. Whether the attorney for a' bankrupt may be allowed fees out of the estate for services in obtaining a discharge is a subject upon which there is some difference of opinion (Re Brundin [D. C.] 112 Fed. 306; Re Christianson [D. C.] 175 Fed. 867); but I am acquainted with no decision where such an allowance has been charged against the objecting creditors. In Pennsylvania, at least, except in rare cases, each party to a dispute must pay his own counsel, and no sufficient reason has been advanced to justify a present departure from the rule. The exception to this allowance is therefore sustained.