## In re VAN DENBURG.

### In re KEENAN.

#### (District Court, N. D. Ohio, W. D. May 4, 1914.)

#### No. 2195.

BANKRUPTCY ⬤⟹368—TRUSTEE'S COMPENSATION—COMPENSATION FOR LEGAL SERVICES.

Under Bankr. Act July 1, 1898, c. 541, § 72, 32 Stat. 800 (Comp. St. 1913, § 9656), providing that neither the referee, receiver, marshal, nor trustee shall in any form or guise receive, nor shall the court allow him, any other or further compensation for his services than that expressly authorized and prescribed in that act, and section 62 (section 9646), providing that the actual and necessary expenses incurred by officers in the administration of estates shall be reported in detail under oath, and examined and approved or disapproved by the court, and, if approved, paid or allowed out of the estate, a trustee, who was an attorney, was not entitled, in addition to his fees, to compensation for legal services performed by him, especially as, when the trustee presents a claim in behalf of an attorney, there is something tantamount to a recommendation by the trustee that the services were necessarily rendered and that the fees and claim were proper, and the weakness of such recommendation respecting his own professional claims is apparent.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 571; Dec. Dig. ⬤⟹368.]

In Bankruptcy. In the matter of Frank Van Denburg and in the matter of Henry G. Keenan, bankrupts. Trustee's claim for compensation for legal services disallowed.

John Sheridan, of Findlay, Ohio, for bankrupts.
John E. Priddy, of Findlay, Ohio, for trustee.

KILLITS, District Judge. These cases are before the court on precisely the same point, namely, whether a trustee, who happens to be an attorney, may receive, in addition to the trustee's fees, compensation for legal services performed. We are clearly of the opinion that we should follow the decisions in Re Rieger, Kapner & Altmark (D. C.) 157 Fed. 611, in Re Felson (D. C.) 139 Fed. 275, and in Re George Halbert Co., 134 Fed. 236, 67 C. C. A. 18, and hold that such additional compensation is not allowable, and that the provisions of section 72 of the Bankruptcy Act should be so applied. The last authority cited (In re Halbert Co., 134 Fed. 236, 67 C. C. A. 18) is by the Circuit Court of Appeals of the Second Circuit, and the opinion commands respect.

In addition to the reasoning of the courts cited, it should be considered that while, of course, under section 62 of the Bankruptcy Act, necessary legal services are items of administration which should be paid for out of the assets, still, when a claim is presented in behalf of the attorney for the trustee for fees, there is in the situation something tantamount to the recommendation of the trustee himself that not only the services were necessarily rendered, but that the fees claimed were proper compensation, and with reference to such recommendation, actual or constructive, both the referee and the court on final allowance must act. The weakness of a recommendation offered by a trustee to support officially his professional claims is apparent.