## In re WALSH.

(Circuit Court of Appeals, Seventh Circuit. February 19, 1919.)

No. 2692.

1. BANKRUPTCY ☞413(½), 418(1)—DISCHARGE—OBJECTION BY STRANGERS.

As a discharge in bankruptcy operates merely to extinguish creditors' claims, no one other than a creditor can be a party in interest, and, under well-recognized rules, strangers to the proceeding cannot be heard to object, particularly in view of Bankruptcy Act, § 14b (Comp. St. § 9598) and General Orders in Bankruptcy, rule 32 (18 Sup. Ct. ix).

2. BANKRUPTCY ☞415(2)—DISCHARGES—POWER OF REFEREE—STATUTE.

Under Bankruptcy Act, § 38 (Comp. St. § 9622), the referee in bankruptcy has no power to interfere in regard to the discharge of the bankrupt, though the court, notwithstanding the section, may refer matters arising out of the bankrupt's application for discharge to the referee as a special master.

3. BANKRUPTCY ☞415(3)—DISCHARGE—OBJECTIONS BY COURT.

The District Court should not on its own motion interpose objections to a bankrupt's discharge, since it sits to try, not to create, the issue.

4. BANKRUPTCY ☞404(1)—DISCHARGE—RIGHT OF BANKRUPT.

Discharges in bankruptcy should follow as a matter of right, where no objections are filed by the creditors or trustee, the parties in interest, to application seasonably made.

Appeal from the District Court of the United States for the Eastern District of Wisconsin; Ferdinand A. Geiger, Judge.

In the matter of Frank E. Walsh, bankrupt. From an order denying his application for discharge, the bankrupt appeals. Order reversed, with directions to enter order granting discharge.

Frank P. Burke, of Milwaukee, Wis., for appellant.

Before BAKER and EVANS, Circuit Judges, and FITZHENRY, District Judge.

EVANS, Circuit Judge. The order denying bankrupt's application for a discharge of debts was made without any objection from any creditor. This is assigned as error.

The referee, pursuant to the requirements of a rule in force in the district wherein these proceedings arose, filed a certificate, the material part of which reads as follows:

"He [bankrupt] has committed none of the offenses and done none of the acts prohibited in subdivision "b" of section 14 of said act [Act July 1, 1898, c. 541, 30 Stat. 544 (Comp. St. § 9598)] except that he has committed an offense punishable by imprisonment as in said Bankruptcy Act provided, to wit: He knowingly and fraudulently made a false oath in this proceeding on the 27th day of April, 1918, swearing that Schedule B attached to his petition herein was a true statement of all his estate; whereas such schedule

was false, in that it did not mention a diamond ring of the value of $94 owned by him, and knowingly and fraudulently omitted therefrom."

Upon this certificate, and without other hearing, bankrupt was denied a discharge.

[1] As a discharge operates merely to extinguish creditors' claims, no one other than a creditor can be a party in interest. Under well-recognized rules of pleadings, strangers to the proceeding cannot be heard to object. This theory finds support in the statute. Section 14b reads:

"The judge shall hear the application for a discharge and such proofs and pleas as may be made in opposition thereto by the trustee or other parties in interest, at such time as will give the trustee or parties in interest a reasonable opportunity to be fully heard, and investigate the merits of the application and discharge the applicant, unless," etc.

The right of the trustee to file objections is further limited by a later clause in the same subdivision reading as follows:

"Provided, that a trustee shall not interpose objections to a bankrupt's discharge until he shall be authorized so to do at a meeting of creditors called for that purpose."

This conclusion is further confirmed by an examination of rule 32 of the General Orders in Bankruptcy (18 Sup. Ct. ix) announced by the Supreme Court, and which we think inferentially limits the right to file objections to creditors.

The foregoing citations would seem to deny to referees the right to interpose objections to discharges, as well as clearly recognizing the right of a bankrupt to a discharge, except in those cases where objections are filed and after full hearing the court determines that one of the six specified grounds for refusing a discharge exists.

[2] But any doubt as to the power of the referee to interfere in matters of discharge is removed by section 38 of the act (Comp. St. § 9622), which reads:

"Referees respectively are hereby invested * * * with jurisdiction to * * * (4) perform such part of the duties, except as to questions arising out of the applications of bankrupts for compositions or discharges, as are by this act conferred on courts of bankruptcy," etc.

While the court may, notwithstanding this section, refer matters arising out of bankrupt's application for discharge to the referee, the latter acts only as a special master in such instances and not as referee. Supreme Court rule 12, subd. 3 (32 Sup. Ct. viii).

[3] Nor should the court on its own motion interpose objections to the discharge; for courts do not create issues. They sit to try and determine them upon presentation of the evidence by the parties interested.

[4] We conclude that in all applications seasonably made, where no objections are filed, the discharges should follow as a matter of right.

The order denying bankrupt's application for a discharge is reversed, with directions to enter an order granting the discharge.