## In re RUBIN.

### RUBIN v. BALABAN et al.

(Circuit Court of Appeals, Seventh Circuit. June 19, 1924. Rehearing Denied September 6, 1924.)

#### No. 3356.

1. **Bankruptcy ⬦461—Setting aside and re-entering order held to prevent dismissal of appeal on objection first raised on appeal.**

That appeal taken within 10 days from the setting aside of an order of adjudication and its re-entry on the same day was not taken within 10 days of original entry *held* not ground for dismissal of appeal, where objection was first made in the appellate court, but this practice not approved.

2. **Bankruptcy ⬦458 — Introducing specification of acts of bankruptcy by amendment after four months held not fatal defect.**

That acts of bankruptcy were not specified in an involuntary petition, nor until introduced by amendment more than 4 months after the alleged acts were committed, *held* not a fatal defect, where no objection was made in the trial court.

3. **Bankruptcy ⬦91(2)—Finding of commission of acts of bankruptcy held sustained.**

A finding of the commission of acts of bankruptcy by an alleged bankrupt *held* sustained by the evidence.

**4. Bankruptcy ⊜⊃58—Preferential payment is act of bankruptcy, though made with borrowed money.**

That a preferential payment to a creditor was made with borrowed money does not change the fact that it was a preference and an act of bankruptcy. ·

**5. Bankruptcy ⊜⊃95, 467—Reference to special master of question of adjudication is error, but cured by court's review of evidence.**

It is erroneous practice to refer the question of adjudication to a special master, but is not ground for reversal of an order of adjudication, where the evidence was returned to the court, and was reviewed and passed on by the judge.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

In the matter of Sol Rubin, alleged bankrupt; Barney Balaban and others, petitioners. From an order of adjudication, Rubin appeals. Affirmed.

Julius Moses, of Chicago, Ill., for appellant.

Gilbert F. Wagner, of Chicago, Ill., for appellees.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge. This is an appeal from the adjudication in bankruptcy. Insolvency was contested, but is here admitted. It is contended that no act of bankruptcy, within four months of filing the petition, has been proven.

In the petition, filed August 19, 1922, no specific acts of bankruptcy were set out, and permission was asked to amend the petition, when names and specific acts were disclosed. Notice of motion to dismiss the petition was given. No motion was filed, but leave was granted to amend the petition within 10 days, and appellant was ruled to answer within 10 days. An amended petition, charging specific acts of bankruptcy, was filed on September 2, and a motion to dismiss the petition, no grounds shown, was denied. September 16, Rubin filed general answer, denying acts of bankruptcy and insolvency, and asked for a jury  November 23 it was ordered that the petition be amended, and that the several intervening petitions and the answer of appellant be specially referred. January 25, 1923, appellant gave notice of motion to set aside the reference and to have hearing set for a day certain in open court. He filed therewith his affidavit, showing that-he had withdrawn his demand for a jury, and hearing was had before the referee with his consent.

The affidavit also showed that hearings were had before the referee on November 28, December 5, 12, 18, 28, and 29, 1922, and January 5, 11, 15, 17, and 22, 1923, and that hearings were already set for January 29, 30, and 31. The referee was directed to certify the testimony, and a hearing was set before the court. February 20 petitioning creditors were given leave to file amendment to the amended petition, answer on file to stand thereto. Amendment was filed on the same day, charging numerous preferences between May 29 and July 10, 1922. March 15 the whole matter was referred to Eastman, as special master, to report his conclusions to the court.

Eastman's report covered a wide range of testimony and found preferential payments to the Crawford State Savings Bank, to Reinsberg, and also to Clark. Objections were filed and overruled and allowed to stand as exceptions to the report, filed in court. July 2 the court, after considering the evidence and the report of the special master, overruled the exceptions and adjudged Rubin a bankrupt. On request of bankrupt's attorney, the order of adjudication and reference, entered July 2, was, on July 11, set aside and re-entered on the same day. This appeal was taken July 18.

[1] 1. It is urged that this appeal should be dismissed because not taken within ten days after July 2. In Re Stearns & White Co. (C. C. A.) 295 Fed. 833, as in this case, the order was one that must have been appealed from within 10 days, if at all. In the Stearns Case, after the orders allowing the claims had become final by the lapse of 10 days, and although no motion of any kind was then pending, the court vacated the orders and re-entered them on the same day. In this case, the order of July 2 was set aside, and the same order entered within the 10 days allowed for appeal. · The objection is for the first time made here. We are of opinion that the appeal should not be dismissed, though we do not intend hereby in any sense to approve the practice of setting aside an order and re-entering it merely for the purpose of extending the time for appeal.

[2] 2. It is urged that no act of bankruptcy relied on was set forth in the petition or in any amendment thereof, filed within 4 months of the alleged commission of the act, and therefore none can be made the basis of an adjudication. This question is here raised for the first time. While motions were made to dismiss the petition, there is nothing to show upon what any

such motions were based. No such question was raised in any objection to the master's report, in the assignment of errors of July 18, 1923, or in the additional assignments filed on the day of the oral argument. The evidence is here mostly in narrative form. Rubin kept no books, and his memory was so defective that days were consumed in taking his testimony, which should have been taken in a small fraction of the time. While the names of Reinsberg and Clark were not brought in as preferred creditors until the amendment filed February 20, 1923, yet those transactions were a part of and inseparably bound up with the Crawford State Savings Bank $1,000 matter, charged as a preference in the amendment filed September 2, 1922. We are of opinion that under all the circumstances the objection is not well taken. Chicago Motor Vehicle Co. v. Am. Oak Leather Co., 141 Fed. 518, 72 C. C. A. 576 (7th C. C. A.); Morrison v. Rieman, 249 Fed. 97, 102, 161 C. C. A. 149 (7th C. C. A.).

[3] 3. The urge that acts of bankruptcy charged have not been proven, we think, is not well taken. The bankrupt was upon the stand 13 different times, and his story is that he had been in the real estate business; that he had not made a sale for 2 or 3 years, and when he did make a sale he got no commissions; that several properties, some at least of which had been formerly owned by him, are now the properties of his brother, his wife, and his sister-in-law, and other relatives; that he conducted large building operations upon those properties, and since then has managed and controlled them, collected the rents, deposited them in his own account, made payments for the operation of the properties, and never at any time has made any accounting to the parties for whom he owned and operated the buildings. His testimony is so contradictory, his memory so defective, and his story, as a whole, so unreasonable, that it is nearly useless to make any attempt to use it in getting at the merits of the controversy.

From all the record, the following facts seem clear, viz.: That appellant had hypothecated to the Crawford State Savings Bank, as collateral security to his debt of $2,000, which was otherwise secured, some stock in the World Tire Corporation, loaned him by one Reinsberg. There was some sort of demand that the stock be returned to Reinsberg, but before the bank would make a surrender it demanded $1,000. It is claimed that Rubin was then unable to get the money, but somewhere he or Reinsberg got $800, and with that amount and a check given by Russell S. Clark, Rubin's attorney, $1,000 was paid to the bank on Rubin's account, and the stock was surrendered to Reinsberg. At the time that the stock was surrendered to Elliott, Reinsberg's attorney, Elliott says that Rubin gave Reinsberg three checks. It seems to be conceded that the three checks were for the repayment of the $800 furnished by Reinsberg, and one of those checks was paid within a few days.

[4] It is urged that the Clark check for $200 was payable to the bank, that Reinsberg furnished $800 for the balance of the $1,000, and coincident therewith the stock was surrendered to Reinsberg, and that therefore there was a mere exchange and Rubin's estate was not depreciated. Whatever was returned for the payment to the bank went to Reinsberg. If the Clark check was payable to the bank, that fact would make no difference, because it was a loan to Rubin, repaid by Rubin within a day or two. Reinsberg was not paying the bank on his own account, but was making a loan to Rubin, and the money went to the bank for Rubin. This is evidenced by the admitted fact of the giving of the checks and the subsequent payment of one of them to Reinsberg. The fact that Rubin borrowed the money with which to pay the bank the $1,000 does not change the fact that it was a preference. That payment was charged in the amendment to the petition filed September 2, 1922.

The charges of preferences to Reinsberg and Russell, growing out of the bank transaction, were first averred in the amendment filed February 20, 1923. As the evidence is certified in narrative form, we are unable to determine when the facts pertaining to the preferences to Reinsberg and Clark were first disclosed. We are of opinion that there is evidence in the record sustaining the finding of the District Court, and that it should be affirmed.

[5] 4. It appears that the matter upon the petition for adjudication was referred to Sidney C. Eastman, a referee in the Eastern division of the Northern district of Illinois, where this case was pending in the District Court, as special master. The reference upon the question of adjudication, like such a reference upon the question of a discharge, is erroneous. In re Wayne Goodwine, 298 Fed. 81 (opinion filed in this court February 28, 1924). But objection is not made by appellant on that account. Besides, the whole of the evidence

was returned to the District Court, and was reviewed and passed upon by the judge.

The decree of the District Court is affirmed.