**FOLDA v. ZILMER et al.**

(Circuit Court of Appeals, Eighth Circuit. September 13, 1926.)

No. 276, Original.

1. Bankruptcy ⬥224—District Judge has no authority to appoint referee as "special master" to take proofs and report on objections to petition of discharge, since this would permit compensation in excess of fixed fees (Bankruptcy Act, §§ 30, 38, 40, 72 [Comp. St. §§ 9614, 9622, 9624, 9656]; General Orders Nos. 12, 35).

Under Bankruptcy Act, §§ 30, 38, 40; 72 (Comp. St. §§ 9614, 9622, 9624, 9656), and General Orders Nos. 12 and 35, district judge sitting in bankruptcy has no lawful authority or power to appoint referee as "special master" to take proofs and report findings of fact and of law on objections to petition for discharge, thereby permitting compensation to referee in excess of fixed fees.

2. Bankruptcy ⬥22.

General Orders provided for by Bankruptcy Act have force and effect of law, so far as not in conflict with express provisions of the act (Comp. St. § 9585 et seq.).

Petition to Revise Order of the District Court of the United States for the District of Nebraska.

In the matter of the bankruptcy of Edward A. Zilmer. On petition of Emil Folda, trustee, to revise an order of the District Court appointing a referee in bankruptcy as special master, and not as referee, to take proofs and report the evidence, with his findings on issue whether bankrupt was entitled to discharge. Petition to revise granted, and order of reference set aside and reversed.

Fay H. Pollock, of Stanton, Neb. (George A. Eberly, of Lincoln, Neb., on the brief), for petitioner.

W. P. Cowan, of Stanton, Neb. (Charles H. Stewart, of Norfolk, Neb., on the brief), for respondents.

Before SANBORN, STONE, and KENYON, Circuit Judges.

WALTER H. SANBORN, Circuit Judge. [1] The question in this case is: May a District Judge of the United States, sitting in bankruptcy, lawfully appoint the referee in bankruptcy in that court as special master (not as referee in bankruptcy) "to take proofs and report the evidence, with his findings of fact and of law to the court" upon the issue whether or not a bankrupt is entitled to his discharge, and allow and pay such referee reasonable compensation for such services as such special master, and the real question is: May the District Judge lawfully allow and pay such a referee reasonable compensation as special master for such services as the court might have required of him as referee under the Bankruptcy Act in excess of the compensation prescribed by that act and the orders of bankruptcy for such services? For it is clear that the purpose and effect of such a reference to the referee as special master, and not as referee, must have been to enable the court to allow him compensation in excess of the fees fixed by the Bankruptcy Act, although perhaps not unjust compensation. This question was answered in the affirmative by the court below. It was brought to this court in this way:

The bankrupt, Zilmer, filed his petition for a discharge in the District Court; his trustee in bankruptcy objected to it by direction of certain of his creditors. The District Court thereupon made an order referring the controversy to H. F. Barnhart, who was the referee in bankruptcy in that court, as "special master" (not as referee in bankruptcy) "to take proofs and report the evidence with his findings of fact and of law to the court upon the issues thus presented." The trustee thereupon filed written objections to this order, and a motion that it be revoked and rescinded, on the grounds that it was not within the powers of the District Court in bankruptcy, and was contrary to the provisions of

section 14b (4) of the Bankruptcy Act of 1898 (Comp. St. § 9598), and General Orders in Bankruptcy, rule 12. This motion and these objections were certified to and considered by the District Judge below, who denied the motion and overruled the objections, but directed the trustee to prosecute a review of his judgment to this court, and the trustee has brought the issue of law disclosed by these proceedings to this Circuit Court of Appeals for decision by his petition to revise the decision and order of the District Court.

The regular fees of referees for "full compensation for their services" are fixed by section 40 of the Bankruptcy Act itself (section 9624, U. S. Compiled Statutes). Section 30 (section 9614, U. S. Compiled Statutes), provides:

"All necessary rules, forms, and orders as to procedure and for carrying this act into force and effect shall be prescribed * * * by the Supreme Court of the United States."

Section 38 of the act (section 9622, Compiled Statutes), invests referees with jurisdiction to do certain things, and:

"(4) Perform such part of the duties, except as to questions arising out of the applications of bankrupts for compositions or discharges, as are by this act conferred on courts of bankruptcy and as shall be prescribed by rules or orders of the courts of bankruptcy of their respective districts, except as herein otherwise provided."

General Order No. 12 (89 Fed. vii), issued in November, 1898, and effective on and after January, 1899, provided, pursuant to section 30 of the Bankruptcy Act, that after the order of reference by the judge of a proceeding in bankruptcy to the referee: "All the proceedings, except such as are required by the act or by these general orders to be had before the judge, shall be had before the referee." But that order also provided that: "Applications for a discharge, or for the approval of a composition, or for an injunction to stay proceedings of a court or officer of the United States, or of a state, shall be held and decided by the judge. But he may refer such an application, or any specified issue arising thereon, to the referee to ascertain and report the facts."

Paragraph 2 of General Order No. 35, issued at the same time as Order No. 12, provided that: "The compensation of referees, prescribed by the act, shall be in full compensation for all services performed by them under the act, or under these General Orders, but shall not include expenses necessarily incurred," etc.

[2] These General Orders provided for by the Bankruptcy Act have the force and effect of law, so far as they are not in conflict with the express provisions of the act. In re Gerber, 186 F. 693, 698, 700, 108 C. C. A. 511. No one can read the Bankruptcy Act and these orders without an abiding conviction of the assiduity with which the Congress and the Supreme Court have endeavored thereby to prescribe the powers and duties of referees and to fix and limit their fees for full compensation for the performance of the duties of referees which they prescribe. Nevertheless, as early as 1903, attempts to evade these limitations had become so general and so effective that the Congress inserted an entirely new section into the Bankruptcy Act (section 72 [U. S. Comp. St. § 9656]), which expressly provides that: "Neither the referee, receiver, marshal, nor trustee shall in any form or guise receive, nor shall the court allow him, any other or further compensation for his services than that expressly authorized and prescribed in this act."

Under the provisions of the Bankruptcy Act and of general order No. 12, which have been quoted, there is no logical or rational way of escape from these conclusions. Order No. 12 imperatively required the judge below to hold and decide the application of the bankrupt for his discharge himself, but it empowered him to refer that "application, or any specified issue arising thereon, to the referee to ascertain and report the facts." No other or further compensation than that fixed in the Bankruptcy Act could lawfully be allowed or paid to the referee for his services under such a reference. If the judge in the exercise of his judicial discretion concluded to use the services of the referee by a reference to him of "such an application, or any specified issue arising thereon, to the referee to ascertain and report the facts," he was empowered, and in our opinion it was his duty, to refer that application or issue for that purpose to the referee as such and not to him as special master. The referee's full compensation for this performance of his duty under such a reference was fixed by the Bankruptcy Act and the court was without lawful authority to make such a reference to the referee as special master and not as referee. The order of reference in this case therefore to the referee H. F. Barnhart as "special master" (and not as referee in bankruptcy) "to take proofs and report the evidence with his findings of fact and of law to the court" was unauthorized, and it should have been set aside on the petitioner's motion, because that order included a reference to the referee as special master to discharge his duties as referee to report

the evidence and ascertain the facts which the court had authority to require him to perform as referee and not as special master.

This conclusion has not been reached without a consideration of the conflicting opinions of the courts cited by counsel for the respective parties upon this and related issues. Counsel for the petitioner have cited these opinions, which either sustain or strongly indicate that the courts which rendered them would sustain, if the question were presented to them, the conclusion we have reached: In re Langford, Felts & Myers (D. C.) 225 F. 311, 314, 315; In re Troth (D. C.) 104 F. 291, 292; In re Sweeney, 168 F. 612, 614, 94 C. C. A. 90; In re Wayne Goodwine (C. C. A.) 298 F. 81, 82; In re Wilcox (D. C.) 156 F. 685, 686; In re Rubin (C. C. A.) 1 F.(2d) 157, 159; In re Nankin, 246 F. 811, 813, 159 C. C. A. 113.

Counsel for the respondent have cited the following authorities, which they maintain indicate that the courts that rendered the opinions therein held or would have held to the contrary, if the question before us had been presented to them: International Harvester Co. v. Carlson, 217 F. 736, 738, 133 C. C. A. 430; United States v. Ward, 257 F. 372, 168 C. C. A. 412; Fellows v. Freudenthal, 102 F. 731, 734, 735, 42 C. C. A. 607; In re Gillardon (D. C.) 187 F. 289; In re Walsh, 256 F. 653, 168 C. C. A. 47. The first two cases last cited were decided by this court, and the District Judge below was of the opinion that they were decisive of the question in this case in support of the conclusion which he reached. But, as we read the opinions in them, the question in this case was not presented to this court and decided in either of those cases.

In International Harvester Co. v. Carlson, 217 F. 736, 738, 133 C. C. A. 430, we find no opinion upon this question. In United States v. Ward, 257 F. 372, 168 C. C. A. 412, the holding was that a master might be appointed and paid reasonable compensation in cases in bankruptcy to discharge duties not imposed or authorized to be imposed upon the referee by the judge by or under the Bankruptcy Act or the General Orders in Bankruptcy. But it was not held in that case that a referee might be appointed a special master and paid compensation other than his fees as referee fixed by the Bankruptcy Act to discharge duties which, under that act and General Order No. 12, the court was empowered to require the performance of by him as referee, and the discussion of the questions in that case at pages 375 and 376 has led us to believe that, if the question presented in this case had been at issue in that case, this court would have reached the conclusion which it has now reached in this case. Fellows v. Freudenthal, 102 F. 731, 42 C. C. A. 607, arose before the imperative prohibition of section 72 of other fees and compensation for referees than those prescribed by the Bankruptcy Act was inserted in that act by Congress in 1903.

The opinions in Re Walsh, 256 F. 653, 654, 168 C. C. A. 47, and In re Gillardon (D. C.) 187 F. 289, merely state the conclusions of the courts without a review of the pertinent statutes or general orders in bankruptcy and without extended discussion. On the other hand, the provisions of the Bankruptcy Act and general orders which have been cited, the opinions and decisions of the courts first cited above, the more logical and persuasive reasons and the greater weight of authority have convinced, first, that the District Judge sitting in bankruptcy has no lawful authority or power to appoint or pay compensation other than fees fixed by the Bankruptcy Act to the referee of his court as special master to perform duties which he could have lawfully imposed upon him as referee, or which the referee was empowered or required by the bankruptcy act to perform; second, that the Bankruptcy Act prescribes the fees of the referee for the performance of all such duties, and that, as said in Re Halbert, 134 F. 236, 67 C. C. A. 18, the language of section 72 "is so precise, so unambiguous, and so explicit as to preclude the allowance of additional compensation upon any theory of a dual personality"; and, third, that the District Judge sitting in bankruptcy is without authority or power and ought not to appoint a referee of his court a special master to perform mixed duties, some of which the judge lawfully might have imposed upon him as referee and some of which he could not lawfully have required him as referee to perform, because such appointments would render it almost, if not quite, impossible justly to make reasonable compensation to him for the performance of the duties which the judge could not have required him to perform as referee and would unavoidably tend to an evasion of the prohibition of section 72 of the Bankruptcy Act. The order of reference in this case was of this character, and the motion to set it aside should have been granted.

It is therefore ordered that the petition to revise herein be granted, that the order of reference of the application of the bankrupt for a discharge to H. F. Barnhart, the referee in the court below, as "special master" (and not as referee in bankruptcy) "to take proofs and report the evidence with his findings of fact

and of law to the court upon the issues thus presented," be set aside and reversed, and that an order of reference of the application of the bankrupt for a discharge or of any specified issue arising thereon may be made to H. F. Barnhart as referee to ascertain and report the facts, as provided in General Order No. 12.