In re VOLLAND.

STELZER et al. v. LANG et al.

No. 4934.

Circuit Court of Appeals, Seventh Circuit.
March 10, 1934.

476

Donald P. Vail, of Chicago, Ill., for appellants.

Isadore Wolfsohn, David F. Dockman, and Arthur Chittick, all of Chicago, Ill., for substituted appellees.

Joseph B. Fleming and Adrian L. Hoover, both of Chicago, Ill. (Dudley F. Jessopp, of Chicago, Ill., of counsel), for intervening appellee.

Before EVANS, SPARKS, and FITZ HENRY, Circuit Judges.

EVANS, Circuit Judge (after stating the facts as above).

■ We find it impossible to pass upon the merits of the controversy involved in this litigation. The cause was submitted to a special master for determination. The decree of the District Court was based on the findings of the special master. The special master was disqualified to act because of interest in the outcome. As he was disqualified from acting as special master because of such interest, his findings can not be used as the basis of a decree in appellees' favor.

Mr. Garfield Charles, the special master to whom this cause was referred, was the referee in bankruptcy in the District Court for the Northern District of Illinois, Eastern Division, to whom the estate of Volland was referred. As such referee he was entitled to receive as his compensation "one per centum commissions on all moneys disbursed to creditors by the trustee," in said estate. 11 USCA § 68. A decision favorable to the trustee of the bankrupt estate necessarily enhanced the value of the assets of said estate and therefore increased the compensation of the referee. The cost of the building was approximately $140,000, and the increase in fees due to the enhanced value of the property of the estate of said bankrupt was considerable.

■ This ruling is not intended to and does not deny to the District Court the right to refer proper cases to one as special master who is a referee in bankruptcy. Causes which do not involve bankrupt estates and the determination of which in no way affects, directly or indirectly, the amount of fees which a referee may receive as such referee, may, provided the other essential facts appear, be referred to one as special master who occupies the position of referee. Of course references, expressly authorized by the Bankruptcy Act, may also be made to the referee.

■■ What is not permitted is for a judicial officer, whether he be a judge, master, referee, or receiver, to act in any such respective capacity when his action may result in his individual enrichment or when he, in his official position, may be embarrassed by the taking of any inconsistent judicial or official position, even though it does not actually enrich him. In other words, we are merely applying the rule that a master or any other judicial officer or quasi-judicial officer is disqualified if he has an interest, however small, in the general or special fund or property affected by the suit, a decisive issue of which he is called upon to decide. Folda v. Zilmer (C. C. A.) 14 F.(2d) 843; State v. Aldridge, 212 Ala. 660, 103 So. 835, 39 A. L. R. 1470; Marsh v. Ferguson (Tex. Civ. App.) 262 S. W. 805; Metsker v. Whitsell, 181 Ind. 126, 103 N. E. 1078; Conkling v. Crosby, 29 Ariz. 60, 239 P. 506; Quatman v. Superior Ct. of Glenn County, 64 Cal. App. 203, 221 P. 666, 668. He is likewise disqualified if for any other reason he occupies a position which is inconsistent with that which he must assume when he acts in a judicial or quasi-judicial position. In fact, if it be embarrassing for him to freely act in the judicial or quasi-judicial position, he is disqualified. For a discussion of what interest is disqualifying and when trial by one having a personal interest is denial of due process, see Tumey v. Ohio, 273 U. S. 510, 47 S. Ct. 437, 71 L. Ed. 749, 50 A. L. R. 1243.

■ As the decree must be reversed and the cause remanded to the District Court for further proceedings, it may not be inappropriate to further observe that in our opinion this is not a proper case for a reference to a special master. While a court of equity is not limited in its power to refer issues or the entire suit to a special master (Ex parte Peterson, 253 U. S. 300, 40 S. Ct. 543, 64 L. Ed. 919), it by no means follows that all suits

should be referred or that there is no discretion to be exercised in determining what suits or what issues should be referred to a special master. This is particularly true of *compulsory* references.

Supreme Court Equity Rule 59 (28 USCA § 723) reads:

"Reference to Master—Exceptional, Not Usual.—Save in matters of account, a reference to a master shall be the exception, not the rule, and shall be made only upon a showing that some exceptional condition requires it."

In the instant case the reference was of a plenary suit brought by a property holder to protect, through injunctive relief, his property from alleged injury caused by the construction of an ice manufacturing plant near his residence. Not a single issue, but the entire case, was referred. *It was not a proceeding nor controversy growing out of the administration of an estate in bankruptcy.* The issue determinative of the suit was not one of accounting, but turned on a single issue of fact. That narrow issue of fact, which was presented to the court by the litigants, was an important one—a controversy between the citizen—a property owner—and one claiming under an ordinance of the City of Chicago. The former charged that the rezoning of the block wherein he lived was arbitrary and unreasonable and inimical to public welfare. He charged and attempted to prove that the city was corruptly influenced in making its decision. This charge his adversary denied. The litigants were entitled to have this issue determined by the court rather than by a special master.

The decree is reversed, and the cause remanded with directions to proceed in accordance with the views herein expressed.