## In re BREMER.
### No. 7519.

District Court, S. D. Illinois, S. D.
May 28, 1934.

J. B. Jiskra, of Bloomington, Ill., for bankrupt.

Richard F. Dunn, of Bloomington, Ill., for objecting creditors.

BRIGGLE, District Judge.

On the 28th day of April, 1933, one Edward W. Bremer was adjudicated a bankrupt, and subsequently various proceedings were had before the referee in bankruptcy.

On the 10th day of February, 1934, bankrupt filed his petition herein for discharge, and on the 20th day of March, 1934, one Albert Worley, alleging himself to be "a party interested" in the estate of said Edward W. Bremer, bankrupt, filed objections to bankrupt's discharge. The bankrupt, by his answer to the objections, has among other things raised the question that Albert Worley is not "a party in interest" within the meaning of the Bankruptcy Act, § 14, as amended (11 USCA § 32), and, therefore, has no lawful right to object to such discharge.

Albert Worley nowhere appears to be a creditor of the estate and the objections filed do not in any manner disclose in what way he might be a party interested in the estate of the bankrupt. Evidence has been offered and briefs submitted, and at the time of the submission of briefs, Albert Worley forwarded to the court a proposed amendment to his objections heretofore filed. By the amendment he says that he is the father of Carl Worley and Vera Worley, who are heirs of the William Bremer estate, and this estate has been listed by the bankrupt in his schedules as a creditor. The amendment further undertakes to show that Albert Worley is the agent of Carl and Vera Worley and is their attorney in fact with authority to represent them in this proceeding.

Neither by the original objections or the amendment now sought to be made does it appear that either Carl or Vera Worley is a creditor of the bankrupt. If the court were to permit the filing of the amendment suggested, it still would not appear that Carl and Vera Worley were entitled to object to his discharge. It nowhere appears whether the William Bremer estate was testate or intestate, unless it be that the court would conclude from the bankrupt's listing of "the William Bremer Estate, Caroline Bremer, Executrix," as a creditor, that it was a testate estate. If this is true, then, of course, it might well follow that Carl and Vera Worley, although heirs of William Bremer, would have no interest whatever in his estate.

Assuming, however, that the estate was intestate, the objections and proposed amendment thereto are further defective in failing to show in what manner Carl and Vera Worley are heirs of that estate. The bare assertion that they are heirs is a mere conclusion without supporting facts.

Finally, assuming that the William Bremer estate was intestate and that the status of Carl and Vera Worley, as heirs of such estate, has been sufficiently established, yet it does not follow from the fact that they are heirs of William Bremer that they are in fact creditors of the bankrupt or "parties in interest" within the meaning of section 14 of the Bankruptcy Act as amended (11 USCA § 32).

While there is evidence to support at least one of the specifications of objections, the court feels constrained to overrule the objections, for the reason that it nowhere appears that the persons objecting are "parties in interest" within the meaning of the Bankruptcy Act. Strangers to the proceeding cannot be heard to object. In re Walsh (C. C. A.) 256 F. 653.

An order may be presented overruling objections and allowing bankrupt's petition for discharge.