## UNITED STATES v. SMELSER.

### SAME v. DOROUGH.

District Court, E. D. Texas, Texarkana Division.

May 6, 1936.

S. D. Bennett, U. S. Atty., and Charles S. Pipkin, Asst. U. S. Atty., both of Beaumont, Tex.

King, Mahaffey & Wheeler, of Texarkana, Tex., for de[...]

ATWELL, Distri[...]

Sam H. Smelser [...] in bankruptcy for th[...] and Jefferson Divis[...] District of Texas by [...] ceased, formerly U[...] Judge. R. P. Dorou[...] bankruptcy in many [...] referee. The gove[...] these two suits that [...] illegally and unjustl[...] $2,600; that the trus[...] and unjustly, fees in [...] that these collection[...] the year 1927; that t[...] office in 1929; and t[...] used as trustee after [...] against Smelser wa[...] 1931; the suit ag[...] brought in 1933.

Judge Bryant dis[...] the cases have appar[...] It seems that motion [...] sented to Judge Daw[...] who took them unde[...] indicated that he th[...] well taken, but no c[...] nor entered.

Upon call the de[...] general demurrer ar[...] ceptions. I do not [...] tions are good. Th[...] however, relate to th[...] States, which has no interest in the litigation, to appear as plaintiff. If it has such right, it is bounden by the same statutory limitations as bind the private litigant, since there is no beneficial interest discoverable. Concededly the suits were instituted more than two years after the right of action accrued. The plaintiff's petition asserts that the fees and sums collected by the referee were from bankrupts and their estates. The only interested parties, therefore, would be the bankrupt and his creditors. There is no benefit whatever for the United States.

It may be quickly conceded that the government is deeply interested in the fidelity and official accuracy of all of its servants. Bankruptcy officers are denied excess compensation in any form. Section 72, Bankruptcy Act, 11 U.S.C.A. § 112.

See, also, In re George Halbert Co. (C.C.A.) 134 F. 236. Likewise it is beyond dispute or debate that the officer who receives compensation by fees from the litigant should be scrutinized and made circumspect by some central power, otherwise such officer may go acquit of any disgorging because of the dislike of the suitor to persist for small items of costs that have been unjustly taken from him. But it is not thought that such public policy and such public need may be substituted for fundamental bases that must support personal rights in order to ask for recognition and relief in a court of law.

The bankruptcy statute provides for bond in a sum not to exceed $5,000, to be executed by each referee for the faithful performance of duty. Action upon this bond must be brought within two years after the alleged breach. Section 78, U.S.C. title 11, c. 5 (11 U.S.C.A. § 78). Trustees are also required to give bond similarly conditioned. See page 373, paragraph 10, United States v. Ward (C.C.A.) 257 F. 372.

The suits here are not suits on official bonds. See Howard v. United States, 184 U.S. 676, 22 S.Ct. 543, 46 L.Ed. 754. They are straight actions at common law. They are not class suits at equity. They specify many cases of overcharge.

The cases of United States v. Alfred Abeel (C.C.A.) 174 F. 12, and United States v. Ward (C.C.A.) 257 F. 372, 373, were actions on official bonds; the United States was the obligee. They cannot therefore be support for these suits.

The Supreme Court in Curtner v. United States, 149 U.S. 662, 13 S.Ct. 985, 1041, 37 L.Ed. 890, held that, when suit is brought for the benefit of private persons and the government has no interest in the result, the United States is barred from success if the person for whose benefit the suit is brought would be barred. United States v. American Bell Tel. Co., 167 U.S. 224, 17 S.Ct. 809, 42 L.Ed. 144; French Republic v. Saratoga Vichy Spring Co., 191 U.S. 427, 438, 24 S.Ct. 145, 48 L.Ed. 247; La Clair v. United States (C.C.) 184 F. 128, 136; United States v. Atlantic Coast Line R. Co. (D.C.) 206 F. 190, 211.

The fact that there is no national statute of limitation against the United States in matters of this sort does not save the United States in this particular suit from being stayed by the statute (Rev.St.Tex.

1925, art. 5526) of the state of Texas which inhibits action of this kind after two years. Moran v. Horsky, 178 U.S. 205, 214, 20 S. Ct. 856, 44 L.Ed. 1038.

So, if it is conceded that the government may sue in a situation such as is here presented, it has brought its suits too late.

The plaintiff refusing to amend, the causes are dismissed.