In re M. F. ROURKE CO.

(District Court, E. D. Tennessee, N. D.    March 15, 1913.)

No. 1,226.

BANKRUPTCY (§ 223*)—ADMINISTRATION OF ESTATE—TRUSTEE—CARRYING ON BUSINESS—REFEREE'S COMPENSATION.

Bankr. Act July 1, 1898, c. 541, § 40a, 30 Stat. 556 (U. S. Comp. St. 1901, p. 3436), as amended by Act Feb. 5, 1903, c. 487, § 9, 32 Stat. 799 (U. S. Comp. St. Supp. 1911, p. 1500), provides that referees shall receive as full compensation a filing fee, a fee for each proof of claim, and 1 per cent. commission on all moneys disbursed to creditors by the trustee. Section 72 declares that the referee shall not in any form or guise receive any other or further compensation for his services than that prescribed by the act, and Act Cong. June 25, 1910, c. 412, §§ 1, 9, 36 Stat. 838, 840 (U. S. Comp. St. Supp. 1911, pp. 1491, 1501), provide that, where the bankrupt's business is conducted by the trustee for a limited period, the court shall allow such officers, marshals, or receivers additional compensation for such services upon the moneys disbursed or turned over to any person, including lienholders. Held, that the act of 1910 made no provision for additional compensation to a referee, and hence, where the trustee was permitted to continue the bankrupt's business, which he did with marked success, the referee was not entitled to any compensation on funds disbursed by the trustee on debts incurred by the trustee in the operation of such business under the referee's orders, but was only entitled to commissions on moneys disbursed to creditors of the bankrupt by the trustee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 888–894; Dec. Dig. § 223.*]

In Bankruptcy. In the matter of the bankruptcy proceedings of the M. F. Rourke Company. On referee's certificate to determine his right to compensation as commissions on funds disbursed by the trustee on debts incurred by him in the operation of the bankrupt business under his orders. Application of referee for such compensation denied.

Green, Webb & Tate, of Knoxville, Tenn., for creditors.
C. H. Smith, of Knoxville, Tenn., for trustee in bankruptcy.

SANFORD, District Judge. The referee has filed his certificate submitting to me the question as to whether he is entitled to commissions on funds disbursed by the trustee on debts incurred by the trustee in the operation of the business of the bankrupt as a going concern under the orders of the referee and upon consent of all creditors in this cause. It appears from his certificate that the bankrupt company, which had been engaged in the plumbing business, had on hand at the time of the adjudication a large amount of plumbing supplies, and also various uncompleted contracts in different parts of the country; that the supplies were of comparatively little value; that it appeared from the statements of the trustee that unless these uncompleted contracts were executed there would be practically nothing for the unsecured creditors; that, upon recommendation of the trustee and with the approval of the creditors, the trustee was authorized and directed to continue all work on out-of-town contracts, and to continue the local business of the bankrupt within certain limits, and was authorized

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for this purpose to purchase additional material necessary to carry on the business; and that the bankrupt's business was continued by the trustee with great success, and that as a result the trustee will have on hand for final distribution to unsecured creditors something like six or eight thousand dollars. In conducting the business the trustee paid out on debts which he incurred something like thirty thousand dollars. The trustee has heretofore, by unanimous consent of the creditors, been allowed the maximum compensation for services rendered in conducting the business as a going concern. It further appears that in order to carry on this business the referee has from time to time adjourned the meeting of creditors from week to week and month to month to hear and act upon the trustee's reports; that the referee has been engaged in holding such meetings from time to time for more than a year; and that in supervising the conduct of the business he has been required to pass upon various questions which have arisen in the conduct of the business, as to which it was necessary to give directions to the trustee and to confer many times with the trustee in regard to the business. The referee now submits the question as to whether he is entitled to commissions on the sum of approximately thirty thousand dollars paid out by the trustee on the trustee's debts incurred in conducting the business, or merely to a commission on such sums as may be paid by the trustee to the creditors of the bankrupt.

The trustee in bankruptcy has answered the certificate of the referee stating that the facts as stated have been fairly and correctly stated by the referee in his certificate, and that his opinion is that, as the case has been one requiring unusual work and time, the referee, as a matter of fact, is entitled to commissions on disbursements made in the conduct of the business, if, as a matter of law, the same can be allowed; and submitting the question of law to the determination of the court.

Section 40a of the Bankruptcy Act, as amended by the Act of Feb. 5, 1903, c. 487, § 9, 32 Stat. 799 (U. S. Comp. St. Supp. 1911, p. 1500), provides that referees "shall receive as full compensation for their services" a filing fee of fifteen dollars, twenty-five cents for each proof of claim filed for allowance, "and from estates which have been administered before them one per centum commission on all moneys disbursed to creditors by the trustee."

Section 72 of the Bankruptcy Act, as amended by the Act of 1903, furthermore provided:

"That neither the referee * * * nor the trustee shall in any form or guise receive, nor shall the court allow them, any other or further compensation for their services than that expressly authorized or prescribed in this Act."

By sections 1 and 9 of the Act of June 25, 1910, c. 412, 36 Stat. 838, 840 (U. S. Comp. St. Supp. 1911, pp. 1492, 1501), sections 2 (5) and 48 of the Bankruptcy Act were also amended so as to provide that where the business of the bankrupt is conducted by trustees, marshals or receivers for limited periods "the court may allow such officers additional compensation for such services by way of commissions upon the moneys disbursed or turned over to any persons, including lien holders, by them * * *" This amendment makes no provision for the al-

lowance of any additional compensation to the referee in such case in consequence of the additional labor entailed upon him in supervising the business so conducted; and, on the contrary, by section 13 of this amendatory Act, the provision of section 72 of the Bankruptcy Act that the referee should in no form or guise, receive any other further compensation for his services than that expressly authorized or prescribed in this Act, was re-enacted.

In Bray v. Johnson (4th Circ.) 166 Fed. 57, 91 C. C. A. 643, it was held (Judge McDowell dissenting), before the amendment of 1910, that under the clear language and plain meaning of the Bankruptcy Act, as amended by the Act of 1903, emphasized by the provision of section 72, the referee was only authorized to receive a commission of one per centum on all moneys disbursed to the bankrupt's creditors by the trustee, and was not entitled to a commission on moneys disbursed by the trustee in payment of the trustee's debts incurred in conducting the business of the bankrupt estate. I do not entirely agree in the views of public policy which are stated in the opinion of the court as supporting this construction of the Bankruptcy Act, and am of opinion that where the referee in good faith, on the recommendation of the trustee, and with the consent of the creditors and for the best interest of the estate, authorizes the business of the bankrupt to be conducted for a limited period, thereby entailing great additional labors upon himself. it would be entirely consistent with a sound public policy that he should be allowed, in the discretion of the court, additional compensation for the services thus performed by him. I am nevertheless of opinion that such allowance would be in conflict with the express provision of the Bankruptcy Act as it now stands; and that if, to meet this apparent hardship, provision should be made for the allowance of such additional compensation to referees the remedy must be by additional legislation, and is, under the plain terms of the Act, as it now stands, beyond the authority of the courts. This construction of the Act is further more emphasized, under the rule of *expressio unius,* by the provision of the amendment of 1910, above referred to, enacted after the publication of the opinion in Bray v. Johnson (4th Circ.) supra, by which, in such cases, additional compensation is provided for trustees, marshals and receivers conducting the business, but no provision is made for additional compensation to the referee. I may add that the doctrine of Bray v. Johnson is cited with apparent approval in Collier on Bankruptcy (9th Ed.) 617; 1 Loveland on Bankruptcy (4th Ed.) 232, and 3 Remington on Bankruptcy, § 2103, p. 634. And while it appears that in In re Hart & Co. (Hawaii) 18 Am. Bankr. Rep. 137, it was held that the referee was entitled to additional compensation for advising the trustee in regard to the business of the bankrupt estate, examining the result of each day's work, examining weekly reports and auditing the same, I am constrained to hold that the sound construction of the act is that given in Bray v. Johnson (4th Circ.), supra.

I must therefore hold, upon the question submitted by the referee, that he is not entitled to a commission on the funds disbursed by the trustee on debts incurred by the trustee in the operation of the busi-

ness of the bankrupt under his orders, but is only entitled to commissions on such moneys as may be disbursed to the creditors of the bankrupt by the trustee. An order will be entered accordingly.