In re NANKIN.

(Circuit Court of Appeals, Second Circuit. November 13, 1917.)

No. 25.

1. BANKRUPTCY &#8253;136(2)—REFEREES—PROCEEDINGS.

Under Bankruptcy Act July 1, 1898, c. 541, § 38a, 30 Stat. 555 (Comp. St. 1916, § 9622), declaring that referees are invested, subject to review by the judge, with jurisdiction to perform such part of the duties, except as to compositions or discharges, as are conferred on courts of bankruptcy, and General Order No. 12 in Bankruptcy (89 Fed. vii, 32 C. C. A. xvi), declaring that the order referring a case to the referee shall name a day upon which the bankrupt shall attend before the referee, and from that day the bankrupt shall be subject to the orders of the court in all matters relating to his bankruptcy, and that all proceedings, except such as are required by the act or general orders to be had before the judge, shall be had before the referee, a petition by the trustee in bankruptcy to the District Court for an order directing the bankrupt to turn over moneys, which the judge referred to the referee in bankruptcy as a special commissioner, was irregular; the proper practice being for the trustee to present his petition to the referee in the first instance, and, if desiring review of the referee's order, to petition therefor under General Order in Bankruptcy No. 27 (89 Fed. xi, 32 C. C. A. xxvii).

2. BANKRUPTCY &#8253;223—REFEREES—COMPENSATION.

Under Bankruptcy Act July 1, 1898, § 72, as added by Act Feb. 5, 1903, c. 487, § 18, 32 Stat. 800, and amended Act June 25, 1910, c. 412, § 13, 36 Stat. 842 (Comp. St. 1916, § 9656), providing that the referee shall not receive nor be allowed any further compensation for his services than that expressly authorized in the act, there can be no reference by the court to special commissioners to perform the statutory duties of referees, and, if reference is made, the compensation of the referee, though called a special commissioner, is limited to that prescribed in section 40, as amended by Act Feb. 5, 1903, c. 487, § 9, 32 Stat. 799 (Comp. St. 1916, § 9624).

3. BANKRUPTCY &#8253;136(2)—ORDERS—VALIDITY.

As such procedure was not objected to, and the bankruptcy court had jurisdiction of the parties and of the subject-matter, the irregularity was waived.

&#8253;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. BANKRUPTCY ⟨⟨===467—PROCEEDINGS—REVIEW.
    A finding of fact by the referee in bankruptcy, upheld by the District
Court, cannot be revised by the Circuit Court of Appeals.

Petition to Revise Order of the District Court of the United States
for the Eastern District of New York.

In the matter of the bankruptcy of Gussie Nankin. The bankrupt
was directed by order of the District Court to turn over moneys to the
trustee, or to show cause why she should not be punished for con-
tempt, and she petitions to revise the order. Affirmed.

Benjamin Frindel, of New York City (Elijah N. Zoline, of New
York City, of counsel), for petitioner.

Ginzberg & Picker, of New York City (I. Gainsburg and J. P. Segal,
both of New York City, of counsel), for appellee.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

WARD, Circuit Judge. This is a petition to revise an order of
Judge Chatfield in the District Court for the Eastern District of New
York directing the bankrupt to turn over to the trustee $2,737.34 or
show cause why she should not be punished for contempt.

Mrs. Nankin, the bankrupt, was engaged in the manufacture of
wrappers, and, her place of business having been destroyed by fire
February 25, 1915, she settled with the insurers for $5,000. In the
latter part of October she received the final payment of $3,170, out
of which she paid the sum of $2,737.34 to certain relatives and friends,
to whom she says she was indebted. October 27, 1915, she filed a
voluntary petition in bankruptcy.

May 26, 1916, the trustee presented a petition to the District Judge
for a turn-over order, which the judge referred to the referee in bank-
ruptcy, to whom the cause had been sent, as special commissioner,
"for examination, testimony, and report." The special commissioner
reported that the payments in question were made by the bankrupt in
pursuance of a scheme to conceal assets for her own benefit and use,
and he recommended that she be directed to pay over the moneys to
the trustee.

February 23, 1917, the District Judge entered an order, confirming
the report of the special commissioner and directing the bankrupt to
turn over the moneys to the trustee, or to show cause why she should
not be punished for contempt. This is the order sought to be revised,
and, the record showing no further proceeding in relation to the al-
leged contempt, we have only to consider that part of the order which
directs the bankrupt to turn over.

[1] The bankrupt makes a preliminary objection, not made in the
court below, viz. that the District Judge had no jurisdiction to refer
the petition of the trustee to a special commissioner for a report, and
then to dispose of it as a court of first instance, instead of upon a peti-
tion to review an order made by him as referee. Section 38 (4) of the
Bankruptcy Act (Comp. St. 1916, § 9622), gives the referees jurisdic-
tion:

"Sec. 38. *Jurisdiction of Referees.—a.* Referees respectively are hereby invested, subject always to a review by the judge, within the limits of their districts as established from time to time; with jurisdiction to * * * (4) perform such part of the duties, except as to questions arising out of the applications of bankrupts for compositions or discharges, as are by this act conferred on courts of bankruptcy * * * of their respective districts, except as herein otherwise provided. * * *"

General Order 12 (89 Fed. vii, 32 C. C. A. xvi), in pursuance of this authority, provides:

"1. The order referring a case to a referee shall name a day upon which the bankrupt shall attend before the referee; and from that day the bankrupt shall be subject to the orders of the court in all matters relating to his bankruptcy, and may receive from the referee a protection against arrest, to continue until the final adjudication on his application for a discharge, unless suspended or vacated by order of the court. A copy of the order shall forthwith be sent by mail to the referee, or be delivered to him personally by the clerk or other officer of the court. And thereafter all the proceedings, except such as are required by the act or by these general orders to be had before the judge, shall be had before the referee."

The proper practice would therefore have been for the trustee to have applied for the turn-over order to the referee, and, after his finding, to review it, if so advised, by filing with him a petition for review by the District Judge, as provided by General Order 27 (89 Fed. xi, 32 C. C. A. xxvii). The practice of application in the first instance to the District Judge and a reference by him to the referee as special commissioner, followed in this case, was approved in Re Herskovitz (D. C.) 152 Fed. 316. The authorities there relied upon were in the Matter of Fleischer (D. C.) 151 Fed. 81, where a reference was ordered before adjudication, and therefore before the cause was sent to a referee, and in the Matter of Fellerman (D. C.) 149 Fed. 244, where there was apparently an application to the court in the first instance and no reference.

The question referred in this case to the referee as special commissioner fell within his statutory duties. Before the amendatory act of 1903, which increased the compensation of referees under section 40 and added a new section 72, strictly limiting their compensation to the fees so fixed, it was a frequent practice to appoint referees as special commissioners. Section 72, as amended in 1903 and in 1910 (Comp. St. 1916, § 9656), reads:

"Sec. 72. That neither the referee, receiver, marshal, nor trustee shall in any form or guise receive, nor shall the court allow him, any other or further compensation for his services than that expressly authorized and prescribed in this act."

[2] We are of opinion that there can be no reference by the court to special commissioners to perform the statutory duties of referees, and that, if such a reference is made, the compensation of the referee, though called a special commissioner, is limited to that provided in section 40. In re Sweeney, 168 Fed. 612, 94 C. C. A. 90; Loveland on Bankruptcy (4th Ed.) p. 230; Collier on Bankruptcy (8th Ed.) p. 509.

[3, 4] But as this objection was not taken in the court below, and it had jurisdiction both of the parties and of the subject-matter, we think what it did was only an irregularity in procedure, which could be

and was waived. In point of fact the referee and the District Judge did decide the question, and, as they were not bound to believe the story of the bankrupt and her witnesses in the face of all the attending circumstances, their findings of fact cannot be revised by us.

The order to turn over is affirmed.