## In re MOTRIDGE.

## SIMPSON v. LAFFOON.

(Circuit Court of Appeals, Ninth Circuit. May 29, 1919.)

No. 3232.

BANKRUPTCY ⬤➡223—REFEREE'S COMMISSIONS—STATUTE AND GENERAL OR-
DERS.

Under Bankruptcy Act, §§ 40, 48, as amended by Act Feb. 5, 1903
(Comp. St. §§ 9624, 9632), and General Order No. 35, § 2, the District Court
improperly allowed the referee in bankruptcy commissions of 1 per cent.
of the total amount of the bankrupt's estate, amounting to $6,582.08, of
which $1,085.60 was paid out for expenses of administration, leaving in
excess of $5,000 from which to pay referee's commissions and for distribu-
tion among creditors.

Petition for Revision and Stipulation as to Facts from the District
Court of the United States for the Southern Division of the Western
District of Washington; Edward E. Cushman, Judge.

In the matter of E. Motridge, bankrupt, wherein R. D. Simpson was
appointed trustee, and petitions against R. F. Laffoon, referee in bank-
ruptcy, to revise, in matter of law, a certain order of the District
Court. Order reversed, and case remanded for further proceedings
in accordance with the opinion.

Robert C. Saunders, U. S. Atty., of Seattle, Wash., and Frederick
R. Conway, Asst. U. S. Atty., of Aberdeen, Wash., for petitioner.

R. D. Simpson and R. F. Laffoon, both of Tacoma, Wash., for re-
spondent.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge. The amount involved in this case is trifling;
the question important. There were no secured claims against the
bankrupt, but claims of general creditors were approved against his
estate, exceeding in the aggregate $10,000, exclusive of such as were
exempt. The property of the bankrupt, when converted into money,
amounted to $6,582.08, of which amount $1,085.60 was paid out for
expenses incurred in the course of administration of the estate, leaving
$5,496.48 out of which to pay the commissions of the referee, and
for distribution among the creditors. In his final report and state-
ment the referee claimed as commission 1 per cent. of the total
amount of the estate, which commission the court below allowed,
and to which ruling the trustee excepted, and by the present petition
seeks a review of the ruling.

We are of the opinion that the court below was in error. Section
40 of the original act of 1898 (Act July 1, 1898, c. 541, 30 Stat. 556)
provided as compensation to referees "from estates which have been
administered before them one per centum commissions on sums to
be paid as dividends and commissions," and section 48 of that act
provided that trustees should receive "from estates which have been

⬤➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

administered such commissions on all moneys disbursed by them as may be allowed by the courts" (Comp. St. § 9632).

Both of those sections were amended February 5, 1903, the former being made to read as follows:

"Referees shall receive as full compensation for their services, payable after they are rendered, a fee of fifteen dollars deposited with the clerk at the time the petition is filed in each case, except when a fee is not required from a voluntary bankrupt, and twenty-five cents for every proof of claim filed for allowance, to be paid from the estate, if any, as a part of the cost of administration, and from estates which have been administered before them one per centum commissions on all moneys disbursed to creditors by the trustee, or one-half of one per centum on the amount to be paid to creditors upon the confirmation of a composition." Comp. St. § 9624.

We agree with the Court of Appeals of the Fourth Circuit in the case of Bray, Trustee, etc., v. Johnson, Referee, et al., 166 Fed. 57, 91 C. C. A. 643, that there is no mistaking that language. By it Congress not only specifically declared what referees should receive, namely, 1 per centum on all moneys disbursed to creditors by the trustee, but by section 72 of the same act of February 5, 1903, further expressly provided:

"That neither the referee * * * nor the trustee shall in any form or guise receive, nor shall the court allow them, any other or further compensation for their services than that expressly authorized and prescribed in this act." Comp. St. § 9656.

Moreover, by section 2 of the General Order No. 35, prescribed by the Supreme Court for the enforcement of the Bankruptcy Law, it is also declared that:

"The compensation of referees prescribed by this act shall be in full compensation for services performed by them under the Act or under these General Orders."

See, also, Matter of Lacey & Co., 35 Am. Bankr. Rep. 231, and Matter of C. J. McCubbin Co., 33 Am. Bankr. Rep. 277.

The order is reversed, and the case remanded for further proceedings in accordance with the views above expressed.