### LUCAS v. SHERRY et al.

#### In re McDERMOTT.

(Circuit Court of Appeals, Fifth Circuit. November 21, 1922.)

No. 3942.

1. **Bankruptcy ⬉223, 368—Real estate abandoned by trustee held not administered.**

Real estate abandoned by a trustee to lienholders as without value to the estate is not administered, and a mortgagee to whom the trustee quitclaimed by order of court on his agreement to file no claim against the estate cannot be charged with payment of commissions to the receiver, trustee, and referee on the amount of his mortgage debt.

2. **Bankruptcy ⬉150—Mortgagee held entitled to rent of property under order of court.**

A mortgagee of bankrupt's real estate, to whom it was surrendered by the trustee on his agreement to file no claim against the estate, under an order which required the trustee to turn over to him rent collected for the ensuing month, on his repayment of an amount paid by the trustee for insurance, *held* entitled to recover such rent.

Petition to Superintend and Revise from the District Court of the United States for the Northern District of Texas; James C. Wilson, Judge.

In the matter of J. E. McDermott, bankrupt; Dean Sherry, trustee. On petition of J. B. Lucas to revise order of District Court. Reversed, with directions.

T. L. Camp and J. N. Townsend, both of Dallas, Tex., for petitioner. Dean Sherry, of Cisco, Tex., for respondents.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. The bankrupt, McDermott, was the owner of a brick building in Cisco, Tex., on which J. B. Lucas had a first mortgage to secure a debt approximating $17,500. There were junior liens on said property aggregating approximately $12,000. The bankrupt scheduled said property so incumbered as a part of his assets, and it was taken possession of by the trustee. At the time of taking posses-

sion, the trustee thought there would be an equity in the mortgaged property for general creditors. Subsequently he determined there was none.

The mortgagee Lucas did not prove his debt in bankruptcy; but, shortly after the trustee's appointment, Lucas' attorney by letter inquired of the trustee what his views were as to how the property should be handled. Later by another letter he advised the trustee that, if said trustee would apply to the bankrupt court for leave to sell the property free from liens, Lucas would bid the amount of his debt, interest, and attorney's fees, approximating $17,500. Thereafter he filed a statement with the referee, stating that he had agreed with the trustee that, if the property was ordered to be abandoned and transferred by the trustee to him or to the bankrupt, he would make no claim against the estate for any part of his debt, but would rely solely on the mortgaged property for the collection thereof.

The trustee then filed his petition to said court, reciting the lien debts against the property, stating that after diligent efforts he could not secure a purchaser who would bid therefor a sum in excess of the first mortgage debt, and that he had agreed with Lucas that he would make no claim against the estate for any excess of said debt over the value of the mortgaged property, if the property was abandoned as being burdensome to the bankrupt estate, and transferred by order of court to him or to the bankrupt. The trustee then stated that said property was burdensome to the estate and there was no equity therein for the creditors. He prayed that, after notice to the creditors, he be permitted to disclaim and quitclaim the property to Lucas, or if this was not deemed proper, then to the bankrupt, without prejudice to Lucas' right to foreclose under his mortgage.

The court, after having given 10 days' notice to all creditors, and no objection being urged, ordered the trustee to disclaim title to the mortgaged property and transfer the same to said Lucas, without prejudice to his right to foreclose under his deed of trust if he should so desire. He also awarded to Lucas the rent for December, collected in advance by the trustee, in consideration of Lucas assuming an indebtedness of the trustee for insurance premiums on policies on said property. The trustee, reciting said order, in pursuance thereof conveyed said property to said Lucas on December 7th.

Thereafter, on a motion to tax costs, said referee taxed as costs against Lucas commissions of the receiver, trustee, and referee on $17,500, as the value of said property. The mortgagee, Lucas, resisted said motion, claiming that there had been no administration of said property in said bankrupt court. He also showed that in the order surrendering the property made on December 7, 1921, while he had been awarded the December rent, collected by the trustee, and had paid the premiums due on policies of insurance on said property, said rent had been withheld by said trustee. The referee granted said motion and taxed said sum against said Lucas; on petition for review the District Judge affirmed said order, and denied relief as to said December rent. A petition to review and revise has been brought to this court.

[1] We think that the court erred in holding that said mortgagee

was liable for any commission on the value of the mortgaged property abandoned by the trustee. Lucas, the mortgagee, did not undertake to prove his debt in the bankrupt court. The petition of the trustee, the order of the court thereon, and the conveyance of the trustee were in no sense a foreclosure of said mortgage or a sale of said property by said trustee; but a surrender of the jurisdiction of the bankrupt court over the same, and a surrender thereof to the lien creditors, on the ground that there was no equity therein for the general creditors. There were no moneys collected therefrom, actually or constructively, by the trustee in bankruptcy, or paid or distributed by him to the mortgage creditor.

The action of the trustee and of the bankrupt court did not bar the equity of redemption of the holders of the junior liens, and the first mortgagee, as shown by his answer, took steps, after the surrender of said property by the trustee, to bar such equity of redemption. The receiver, trustee, and referee were only entitled to commissions on moneys disbursed or turned over to any person including lienholders. Bankruptcy Act, § 48a (U. S. Comp. St. § 9632).

The act prohibits any officer from receiving, and the court from allowing him, any other or further compensation than that expressly authorized and prescribed by said act. Bankruptcy Act, § 72 (U. S. Comp. St. § 9656). The mortgagee was not, therefore, subject to be charged with commissions on any assumed or agreed value of the property abandoned by the trustee by leave of the court. In re Breakwater Co., 224 Fed. 333, 140 C. C. A. 19.

[2] As to the December rental, the petitioner, Lucas, was entitled to it under the order surrendering the property to him. Said property was surrendered into the possession of said Lucas on December 7th, and said rental covered the use of said property by its tenant for the entire month. Again, Lucas, in consideration of the order to pay said rent to him, paid the insurance premiums due by the trustee thereon.

The petition to review and revise is therefore granted, and the order adjudging commissions against said Lucas is set aside, and the trustee directed to pay to said Lucas said sum of $250 for the December rent adjudged to him in the order authorizing the abandonment of said property by said trustee.