## In re SHIPPERS' COMPRESS CO.

(District Court, N. D. Georgia. February 25, 1925.)

No. 9991.

1. **Bankruptcy ☞223—Referee not entitled to commission on expenses and disbursements of trustee in carrying on bankrupt's business.**

A referee is, in general, entitled to commissions only on' disbursements finally made to creditors, who were such at the time of bankruptcy, which does not include expenses and disbursements of the trustee in carrying on the business of the bankrupt.

2. **Bankruptcy ☞223—Rents accruing on leases adopted by trustee are not "debts," but "expenses" of carrying on bankrupt's business.**

Rents accruing on bankrupt's leases after their adoption by the trustee for the purpose of carrying on the bankrupt's business are not "debts" of the bankrupt, but are "expenses" of carrying on the business.

In Bankruptcy. In the matter of the Shippers' Compress Company, bankrupt. On certificate of referee as to his right to commissions. Right denied.

SIBLEY, District Judge. The trustee carried on the business of the bankrupt, and to this end adopted certain existing leases of realty and paid as rents thereafter accruing over $30,000. The referee certifies the question whether he is entitled to a commission of 1 per cent. thereon.

[1] It must be taken as settled that while, by the amendments of the original Bankruptcy Act in 1903 and 1910 (Comp. St. §§ 9585–9656), trustees and receivers were provided an additional compensation for carrying on the bankrupt's business, the referee was not. The reasons for not allowing the referee to have a personal interest adverse to creditors in deciding the question whether the business should be carried on, or for how long it should be operated, are stated in Bray v. Johnson, 166 F. 57, 91 C. C. A. 643, followed in Re Rourke (D. C.) 209 F. 877, Re Bacon (D. C.) 224 F. 764, and Re Motridge, 258 F. 229, 169 C. C. A. 539. Only upon disbursements finally made to creditors, who were such at the time of bankruptcy, can the referee's compensation generally be allowed. Expenses and other disbursements in running the business, which arise by reason thereof, cannot be included.

[2] But these leases were in existence at the time of the bankruptcy, and for their breach by the bankrupt the lessors would have had some sort of claim. These claims might have been provable, though probably not to be measured by the agreed rent, and their payment, or dividends on them, would have been disbursements to creditors, within section 40 of the Bankruptcy Act. But such claims against the bankrupt were not what this trustee paid. He assumed himself the relation of tenant to the lessors, and paid them rent which he thereafter came to owe. That rent was an expense of his operation of the business, and not a debt due by the bankrupt. Some time since this court said in an unreported case, In re Rose Steinberg, No. 1325:

"Rents due upon premises occupied by the bankrupt or his estate are likewise debts due to creditors within the meaning of the act. This is clearly true of such rent as is due at the time of bankruptcy. It is also true of such installments of rent as thereafter accrue under the bankrupt's contracts by ordinary delay in the administration of the estate. Should the business of the bankrupt be carried on, rents and taxes accruing by reason thereof would probably not be classed as disbursements to creditors, but would be expenses of the business."

The concluding dictum quoted is abundantly supported by Kinkead v. Bacon, 230 F. 362, 144 C. C. A. 504, where rents were involved such as were here paid. The referee is not entitled to commissions on them.