## OLDHAM v. PARKER.

(District Court, N. D. Texas, at Abilene.
May 19, 1925.)

1. **Words and phrases—Debt created by contractual relations between debtor and creditor.**

The relation of debtor and creditor springs from and is always the result of contractual obligations either expressed or implied, and the result of the contract is the debt created.

2. **Bankruptcy ⏝223—Referee held entitled to commission on attorney's fees paid by trustee; "debt"; "creditor."**

Attorney's fees paid by trustee in bankruptcy under Bankruptcy Act, § 64b(3) being (Comp. St. § 9648), *held* "moneys disbursed to creditors by the trustee" within section 40a (section 9624), entitling referee as compensation to 1 per cent. on all moneys so disbursed, since the attorney is a "creditor" and the fee is a "debt," in view of section 1, subds. (9) and (11), being Comp. St. §§ 9585 and 64b(2).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Creditor; Debt.]

3. **Bankruptcy ⏝11 — Bankruptcy court is "court of equity."**

Court of bankruptcy is a "court of equity."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Court of Equity.]

4. **Bankruptcy ⏝223—Referee is entitled to fair construction of provisions of Bankruptcy Act fixing compensation.**

Referee in bankruptcy is entitled to a fair construction of Bankruptcy Act, § 40 (Comp. St. § 9624), fixing referee's compensation in connection with all provisions of the act affecting compensation.

In Bankruptcy. Petition by D. M. Oldham, Jr., referee in bankruptcy, against George W. Parker, clerk of court, for return of amount alleged to have been wrongfully collected from referee. Order for referee.

D. M. Oldham, Jr., in pro. per.

MEEK, District Judge. This referee in bankruptcy, D. M. Oldham, Jr., seeks an order from the court directing and commanding George W. Parker, clerk of the court, to return and repay to him, D. M. Oldham, Jr., referee in bankruptcy, the sum of $44.45, which amount he says he was wrongfully compelled to pay to the clerk of the court by the action of one D. D. Lamond, who examined his office at Abilene for the Department of Justice in the month of March of this year.

The said agent of the Department of Justice contended that this referee had illegally and unlawfully appropriated the sum of $44.45 to his use and benefit, in that said referee had collected the sum of 1 per cent. commission on amounts paid to attorneys as provided in section 64b of the Bankrupt Act (Comp. St. § 9648); said examiner contending and maintaining that the referee was not entitled to a commission of 1 per cent. on amounts paid to attorneys as attorney's fees under section 64b of the act; that said attorneys were not creditors of the estate within the meaning of section 40a (section 9624) of the National Bankruptcy Act, relating to commissions paid to the referees for their services.

This petitioner and referee contends and insists that he is entitled to the said sum of 1 per cent. commission on amounts paid as attorney's fees, and that said sum of $44.45 is legally due and owing to him, and that it was unlawful for the said examiner to require and compel petitioner to pay into the registry of this court said sum; that acting under the advice and coercion of said examiner, this referee did on April 7, 1925, deliver to said examiner his check for this amount, which was payable to George W. Parker, clerk of this court, which check was cashed by said clerk on the 23d day of April, 1925, and is now in the registry of this court.

The question raised by the petition of this referee in bankruptcy for my consideration and decision is as follows: Is a referee in bankruptcy entitled to a commission of 1 per cent. as provided by section 40 of the act on the sums disbursed by the trustee in bankruptcy in the form of attorney's fees paid, as provided for under section 64b (3) of the Bankruptcy Act?

Section 40a of the Bankrupt Act, relating to commissions of referees, provides: "Referees shall receive as full compensation for their services, payable after they are rendered * * * from estates which have been administered before them one per centum commissions on all moneys disbursed to creditors by the trustee."

Section 1, subd. 9, of the Bankrupt Act (section 9585), defining the meaning of words and phrases, reads: "'Creditor' shall include any one who owns a demand or claim provable in bankruptcy, and may include his duly authorized agent, attorney, or proxy." Subdivision 11 provides: "'Debt' shall include any debt, demand or claim provable in bankruptcy."

Section 64 of the Bankrupt Act, relating to debts which have priority, and section 64b (3), provide that among the debts which shall have priority are: "One reasonable attorney's fee, for the professional services actually rendered, irrespective of the number

of attorneys employed, to the petitioning creditors in involuntary cases, to the bankrupt in involuntary cases while performing the duties herein prescribed, and to the bankrupt in voluntary cases, as the court may allow."

Under the act as originally passed in 1898, it provided that referees should receive "one per cent. commission on all sums paid as dividends and commissions." This was changed by the amendment of 1903 in order to increase the pay of referees, as it was found the compensations, when figured on dividends and commissions paid to creditors, were wholly insufficient to remunerate them for their services. Therefore Congress, in order to increase their pay, struck out "as dividends and commissions," and enacted in lieu thereof the term "one per cent. as commissions on all sums of money disbursed to creditors by the trustee in bankruptcy," thereby showing the clear intention on the part of Congress that the referees should not be restricted, in the narrow sense, to common creditors who receive dividends on their debts, but the commissions should be paid on all sums disbursed by the trustee in bankruptcy, whether as dividends to creditors, secured or unsecured, priority or preferred, in no wise limiting the class of creditors upon which commissions should be figured. This brings up the question, "Who are creditors of the estate?"

[1] The relation of debtor and creditor springs from and is always the result of contractual obligations either expressed or implied, and the result of this contract, expressed or implied, is the debt created, or the attorney's fee; therefore, when we have a debt, we necessarily have a creditor and a debtor, one is correlative of the other, and the legal status of the two produce the obligation. In ascertaining the creditors to whom disbursements have been made by the trustee, we naturally look to and find a debt created by the voluntary act of the parties, which is usually as follows: The bankrupt seeks an attorney and engages the attorney's services to put him into bankruptcy. The attorney, for a reasonable compensation, promises and agrees to do so. The amount of compensation may be agreed upon between attorney and client and if it is reasonable, it is the duty of the court administering the estate to pay, out of the funds belonging to the estate, this attorney's fee. If the amount agreed on is unreasonable, the statutes provide the court shall allow only a reasonable fee. If there are no assets in the case and nothing for the court to pay

this debt, the bankrupt continues to owe the same until he is relieved by his discharge in bankruptcy. It is an obligation brought into existence solely by the voluntary act of the parties, whether it be bankrupt or the petitioning creditors and an attorney agreeing to perform the services. The relation of debtor and creditor is thereby established, and the sum to be paid for these services is a debt. This is a debt arising from, and independent of, the bankrupt court, and before the bankrupt court takes any cognizance of the situation, and before the procedure of the law is put into operation. This is usually followed by the appointment of a receiver and later a trustee; then, liquidation of the estate.

Now, reverting to the definitions laid down by the act: section 1, subd. 11: "'Debt' shall include any debt, demand or claim provable in bankruptcy." This law provides that an attorney must file a duly sworn proof of debt with the referee, the same to be passed upon and allowed and its payment by the trustee from the estate ordered. In other words, the trustee is required to disburse funds belonging to the estate to satisfy the debt. Hence we have a disbursement of funds and a debt satisfied. Section 1, subd. 9: "'Creditor' shall include any one who owns a demand or claim provable in bankruptcy." By reason of the attorney's prior obligation incurred by the bankrupt or the petitioning creditors, he has a demand which should be paid out of the estate in bankruptcy; hence, he presents a claim in bankruptcy and therefore becomes a creditor of the estate.

Reverting to section 64b (3), we find that this claim of debt is classified by law and given a standing superior to the ordinary common creditor and is made a debt which has priority of payment. It is directed to be made in advance of dividends to creditors, wage-earners, workmen, etc. This section does not provide attorney's fees are prior to the costs of administration provided for in section 64b (1), but only provides this debt may be included and given priority or equal standing with costs of administration and will take its classification along with actual costs of administration. Of course, this is not any part of expenses or costs of administration incurred by the court in administering the estate. There are frequent cases in which an attorney is employed to put a man in bankruptcy, and after he has advised his client concerning transfers of his properties he has made, and concerning all the business affairs of his client, it will be the attorney's

judgment that it is his best interest to remain out of bankruptcy; yet no one would say that the attorney was not entitled to compensation for this advice and services preformed for his client. Therefore, this debt is brought into existence, the relation of debtor and creditor established, yet no administration in bankruptcy results.

Under the Bankruptcy Act as originally enacted, commissions to the referee and trustee on sums disbursed by the trustee "as dividends and commissions," it was held that this restricted the referee and trustee to the specified per cent. on the sums available and distributed to the general or unsecured creditors. Under the law as first enacted, the payment in full of the claims which under the act were entitled to priority (tax claims, labor claims, etc) was not the payment of a "dividend," and that commission could not be figured either on the amount so paid out or on sums over to mortgagees or other secured creditors or lien holders. It was also held that the setting apart of a homestead exempt to the bankrupt from the proceeds of property sold by the trustee was not making of a "dividend" so as to entitle the referee and trustee to a commission on such amount.

Under this rule it sometimes occurred that the whole of the assets of an estate in bankruptcy would be consumed in the payment of the claims of secured debts and that nothing whatever would be left on which commissions for the referee and trustee handling the estate could be calculated. In such cases their services would have to go uncompensated except for the small filing fees.

The amendatory act of 1903 changed and altered these conditions and allowed commissions on money "disbursed to creditors," and this was still further enlarged by the amendment of 1910, which allows the commission on "all moneys disbursed or turned over to any person, including lienholders."

[2-4] From the foregoing it is seen that it was clearly the intention of Congress to increase the pay of referees. This court of bankruptcy being also a court of equity, my attention is called to the fact by this referee that by far the greater percentage of bankruptcy cases are no asset cases or small asset cases. It is true that the small asset cases are more than consumed in payment of the costs, trustee and referee's commissions, and attorney's fees paid to the bankrupt's attorney. If the referee should be deprived of the 1 per cent. commission allowed him, as I view it, by the terms of the act it would wrongly reduce his compensation and should not be done. Referees are entitled to a fair

construction of section 40 of the act in connection with all provisions of the act affecting their compensation. See In re Cramond (D. C.) 145 F. 966, 972; In re Breakwater Co. (D. C.) 220 F. 226; In re Lowell Textile Co. (D. C.) 288 F. 989.

An order will be entered directing George W. Parker, clerk of the court, to return and repay to said D. M. Oldham, Jr., referee in bankruptcy, this sum of $44.45 which in my view he was and is entitled to under the provisions of the Bankruptcy Act.