### In re WALLACE.

(District Court, E. D. Oklahoma. September 10, 1926.)

No. 2914.

**1. Bankruptcy ☞482(1).**

Fees are allowed attorneys for bankruptcy trustee as administration expenses, and not under any specific provision of Bankruptcy Act. (Comp St. § 9585 et seq.).

**2. Bankruptcy ☞482(1).**

Fees allowed attorneys for bankruptcy trustee must be reasonable, as determined by facts of each case, and in keeping with objects of Bankruptcy Act (Comp. St. § 9585 et seq.).

**3. Bankruptcy ☞482(1)—That two firms of attorneys were employed by bankruptcy trustee should not be considered in determining reasonableness of fees, where either firm could have performed services.**

Though fact that more than one firm of attorneys is required to do work for bankruptcy trustee should be considered in certain cases, unless fees are allowed separately, it should not be considered where either firm could have performed all services required.

**4. Bankruptcy ⊛⟹482(1)—Fees allowed bankruptcy trustee's attorneys must be based on time consumed in administration and controversies, amounts involved, opposition encountered, and results achieved.**

In determining reasonableness of fees allowed bankruptcy trustee's attorneys, time consumed in administration, controversies involved, amounts litigated, amount of estate, strenuousness of opposition encountered, and results achieved must be considered.

**5. Bankruptcy ⊛⟹482(1).**

Under Bankruptcy Act, § 62a, amount of attorney's fees chargeable against bankrupt estate as administration expense is subject to approval by court (Comp. St. § 9646).

**6. Bankruptcy ⊛⟹482(1)—Fee of $12,000 to attorneys for bankruptcy trustee, who did vast amount of work beneficial to estate, against which $800,000 in claims were filed, held sufficient and reasonable.**

Where attorneys for bankruptcy trustee, also representing various creditors, did vast amount of work beneficial to estate, against which claims for $800,000 were filed, and were well paid by their other clients, held, that fee of $12,000 was sufficient and reasonable.

**7. Bankruptcy ⊛⟹368.**

Under Bankruptcy Act, §§ 48a, 72, and General Order No. 35, bankruptcy trustee is entitled to commission on all moneys disbursed by him for administration expenses, receiver's compensation, attorney's fees, and otherwise (Comp. St. §§ 9632, 9656).

**8. Bankruptcy ⊛⟹368.**

Courts should exercise discretion in allowing fees to bankruptcy trustees under Bankruptcy Act, § 48a, having maximum standard from which to work (Comp. St. § 9632).

**9. Bankruptcy ⊛⟹368.**

Provision of Bankruptcy Act, § 48a, that trustee shall receive compensation after services have been rendered, must be strictly complied with, and he will be required to restore compensation received before services were rendered (Comp. St. § 9632.)

**10. Bankruptcy ⊛⟹368—Receiver and trustee of large bankrupt oil operator's estate held entitled to maximum fees (Bankruptcy Act, §§ 48a, 48d, 48e [Comp. St. § 9632]).**

Receiver and trustee of bankrupt oil operator's estate of large value, who continued business and liquidation as rapidly as possible, requiring large amount of work, involving great responsibilities, held entitled to maximum fees as receiver and trustee, under Bankruptcy Act, §§ 48a, 48d (Comp. St. § 9632), but not under section 48e (Comp. St. § 9632), as he did not acquire new properties or extend business.

**11. Bankruptcy ⊛⟹223.**

Under Bankruptcy Act, § 40a, court may refer matters not comprehended within duties of referee to referee as special master at reasonable fee (Comp. St. § 9624).

**12. Bankruptcy ⊛⟹482(1).**

Fixing attorney's fees in bankruptcy case is properly for District Court, but may be referred to referee as special master, to report findings to court.

**13. Bankruptcy ⊛⟹481.**

$15 held reasonable fee for special master in fixing fees for attorneys for receiver, trustee, bankrupt, and petitioning creditors.

**14. Bankruptcy ⊛⟹223.**

Under Bankruptcy Act, § 40a, referee is not entitled to commission on disbursements for administration expenses, nor for attorney's fees (Comp. St. § 9624).

**15. Bankruptcy ⊛⟹223—Referee held not entitled to commission on sale under mortgage foreclosure of property surrendered to receiver in foreclosure suit.**

Real estate surrendered by trustee to receiver in mortgage foreclosure suit on order of court, which was sold and proceeds paid to mortgagees, was not administered in bankruptcy, and referee was not entitled to commission on sale.

**16. Bankruptcy ⊛⟹223.**

Oil in storage, accepted in payment of lien without filing claim in bankruptcy court, held not administered, and referee was not entitled to commission thereon.

In Bankruptcy. In the matter of Harold Wallace, bankrupt. On petition for review of fees allowed attorneys, receiver, trustee and referee. Order in accordance with opinion.

Ames, Lowe & Cochran and J. C. Monnet, Jr., all of Oklahoma City, Okl., and W. B. Johnson, of Ardmore, Okl., for objecting creditors.

Potterf, Gray & Poindexter and Adams & Orr, all of Ardmore, Okl., opposed.

KENNAMER, District Judge. This is a petition for review of a referee in bankrupt's order allowing attorney's fees, receiver's and trustee's fees, and a commission claimed by the referee. On May 22, 1922, a petition in bankruptcy was filed in this court against one Harold Wallace, who was subsequently adjudged a bankrupt. H. L. Sturm was appointed receiver of the bankrupt estate on the 12th of September, 1922, and acted as such until October 20, 1922, at which date he was selected as trustee. The bankrupt was engaged in the business of operating for oil, and had extensive holdings, some of which produced oil. The affairs of the bankrupt were greatly involved, he having disposed of as much of his property as it seems was possible, and having been ingenious in the means employed to secrete and conceal his assets. The receiver employed as his counsel a firm of attorneys, who represented creditors and persons vitally interested in the bankrupt estate, and at their suggestion, in view of a possible conflict of the interests of their clients with

the interest of the estate, the receiver employed another firm of attorneys. The latter firm likewise represented parties interested in the bankrupt estate. Approximately two years have been required for the liquidation of the estate. The attorneys for the receiver and trustee have been paid the total sum of $8,000, and have filed a claim for an additional and final allowance of $12,000. In accordance with General Order No. 42, promulgated by the Supreme Court, due and proper notice has been given to the creditors. The referee allowed the attorneys an additional $8,000, making a total of $16,000, to which objections have been filed.

[1-3] It is well settled that fees are allowed the attorneys for the trustee, not by reason of any specific provision of the Bankruptcy Act (Comp. St. § 9585 et seq.), but as administration expenses. Such fees are properly a part of the trustee's expenses. The only standard or rule by which such a fee is to be fixed is that it must be reasonable. This should be determined by the facts and circumstances governing each particular case; it should be a relative standard, and one in keeping with the purposes and objects of the Bankruptcy Act. In the instant case the fact that two firms of attorneys were employed by the trustee is not to be considered in determining the reasonableness of the fees to be allowed, because it clearly appears from the record that either of the firms could have performed all of the services required. However, in certain cases, where more than one firm is required for the accomplishment of the work, the fact that two or more were employed should be considered, unless the fees be allowed to them separately.

[4] Certain other elements should be considered in determining the reasonableness of a fee to be allowed an attorney, such as the time necessarily consumed in the administration, and the time properly spent on the particular controversies involved, the amounts involved in the particular controversies, and the amount in the entire bankrupt estate, the strenuousness of the opposition encountered, and the results achieved therein. See Remington on Bankruptcy, vol. 6, at page 152. In fixing fees, sight must not be lost of the fact that the real purpose for such actions is to pay the creditors of the bankrupt as much as possible upon their claims, and while the attorneys and all engaged to assist in recovering assets and to liquidate them should be paid reasonable fees, still such fees must not consume the greater portion of the estate and deprive the creditors of the funds to which they are entitled.

[5, 6] In the instant case approximately $800,000 worth of unsecured claims have been filed with the referee against the estate. These creditors have been paid a dividend of six per cent., and there remains in the estate the approximate sum of $26,800. The amount of attorney's fees to be charged against a bankrupt estate as an expense of administration is subject to examination and approval by the court. Bankruptcy Act, § 62a (Comp. St. § 9646); Watkins, Trustee, et al. v. Sedberry et al., 261 U. S. 571, 43 S. Ct. 411, 67 L. Ed. 802. An inspection of the record discloses that the attorneys for the receiver obtained a number of. restraining orders, restraining a sheriff's sale of some of the property, restraining grantees under various recent transfers of the property of the bankrupt from making further transfers, and in preparing for further litigation. As attorneys for the trustee, without any court action, they were successful in recovering one oil-producing property which had been conveyed by the bankrupt, and which netted the estate approximately $120,000. A mortgage held by the mother of the bankrupt was attacked by the attorneys, but its validity was sustained through no fault of the trustee's attorneys. Another property which had been conveyed to a relative of the bankrupt was recovered for the estate without court action, and was subsequently sold for $12,000. Another controversy involving approximately $70,000 was unsuccessfully contested by the trustee's attorneys in both the District Court and the Circuit Court of Appeals. The attorneys were successful in recovering for the estate a new automobile, from which was realized the sum of $3,000, and in defeating the homestead claim of the bankrupt.

Various settlements were effected and a large number of general unsecured claims were defeated; there were a number of abstracts to be examined and a number of sales of the property to be made. Without setting forth all the details of the performances of the attorneys, it appears that a vast amount of work was involved, and beneficial results, for the estate, were achieved. The record further shows that in many instances the separate clients of the attorneys for the trustee were directly benefited by the achievments, and that these attorneys were employed by these clients to do the very things they did for the trustee. These attorneys have been paid well by their clients for the services rendered. In other words, the attorneys were contesting matters pertaining to the bankrupt estate, not only for the trustee, but also for their individual clients, whose

interests were directly interwoven with those of the trustee. The record also shows that these attorneys represent a number of the unsecured creditors, and their efforts were expended directly for the benefit of the trustee, but indirectly for their clients, who were creditors of the bankrupt estate. Certainly, a discretion should be exercised by the court in fixing such attorney's fees which will carry out and effectuate the will of Congress and the manifest policy of the law, which looks to great economy of administration. In re Goldville Mfg. Co. (D. C.) 123 F. 579. The record contains evidence sufficient to support as a reasonable allowance to the attorneys for the trustee, the total sum of $12,000, of which sum $8,000 has been paid. The order of the referee fixing $16,000 as attorney's fees will therefore be modified in accordance with the views herein contained.

[7, 8] It is next insisted that the trustee has paid himself fees in excess of those allowed by the specific provisions of the Bankruptcy Act. The compensation to which trustees are entitled is governed by section 48a of the Bankruptcy Act (Comp. St. § 9632), which is as follows:

"Trustees shall receive for their services, payable after they are rendered, a fee of five dollars deposited with the clerk at the time the petition is filed in each case, except when a fee is not required from a voluntary bankrupt, and such commissions on all moneys disbursed or turned over to any person, including lien holders, by them, as may be allowed by the courts, not to exceed six per centum on the first five hundred dollars or less, four per centum on moneys in excess of five hundred dollars and less than fifteen hundred dollars, two per centum on moneys in excess of fifteen hundred dollars and less than ten thousand dollars, and one per centum on moneys in excess of ten thousand dollars. And in case of the confirmation of a composition after the trustee has qualified the court may allow him, as compensation, not to exceed one-half of one per centum of the amount to be paid the creditors on such composition."

The compensation to be paid trustees, receivers, and referees is expressly restricted by section 72, Bankruptcy Act (Comp. St. § 9656), which is: "Neither the referee, receiver, marshal, or trustee shall in any form or guise receive, nor shall the court allow him, any other or further compensation for his services than that expressly authorized and prescribed in this act."

General Order No. 35, promulgated by the Supreme Court of the United States provides that "the compensation allowed to trustees by the act shall be in full compensation for the services performed by them; but shall not include expenses necessarily incurred in the performance of their duties and allowed upon the settlement of their accounts." Section 48a of the Bankruptcy Act, supra, prescribes the maximum compensation to be allowed trustees. A discretion should be exercised by courts in the allowance of fees to trustees, as in the allowance of all fees, however, having a maximum standard from which to work. The trustee is entitled to a fee to be based upon all moneys, disbursed by him as trustee, whether the money is disbursed or turned over to general creditors, to lienholders, or paid out as administration expenses. It seems that the trustee is to be allowed a commission upon all moneys disbursed by him, as so plainly appears from Bankruptcy Act, § 48a. See American Surety Co. v. Freed, 224 F. 333, 140 C. C. A. 19.

[9] I therefore conclude that the trustee is entitled to a commission upon all moneys disbursed by him, whether disbursed as administration expenses, as receiver's compensation, attorney's fees, or as expenses necessarily incurred and approved by the court in otherwise liquidating the estate. However, it is expressly provided in the Bankruptcy Act that the trustee shall receive his compensation after he has rendered his services, and there must be a strict compliance with the statutory requirements. If the trustee has received his compensation as trustee prior to the rendition of his services, he will be required to restore the same to the bankrupt estate until his services shall have been rendered.

[10] Section 48d, Bankruptcy Act (Comp. St. § 9632), provides the compensation to be paid receivers, as follows:

"Receivers or marshals appointed pursuant to section two, subdivision three, of this act, shall receive for their services, payable after they are rendered, compensation by way of commissions upon the moneys disbursed or turned over to any person, including lienholders, by them, and also upon the moneys turned over by them or afterwards realized by the trustees from property turned over in kind by them to the trustees, as the court may allow, not to exceed six per centum on the first five hundred dollars or less, four per centum on moneys in excess of five hundred dollars and less than one thousand five hundred dollars, two per centum on moneys in excess of one thousand five hundred dollars and less than ten thousand dollars, and one per centum on moneys in excess of ten thousand dollars: * * * Provided further, that when

the receiver or marshal acts as a mere custodian and does not carry on the business of the bankrupt as provided in clause five of section two of this act, he shall not receive nor be allowed in any form or guise more than two per centum on the first thousand dollars or less, and one-half of one per centum on all above one thousand dollars on moneys disbursed by him or turned over by him * * * in kind to the trustee. * * * "

Subsection (e) of section 48 (Comp. St. § 9632) provides additional compensation to a trustee, marshal, or receiver for conducting a business, as provided in clause 5 of section 2 of the act (Comp. St. § 9586).

The record shows that the receiver, who subsequently became trustee, retained in his employ a Mr. Lynch, who had formerly been in charge of the bankrupt's business affairs. The business of the bankrupt was continued, being liquidated and wound up as rapidly as possible. There is sufficient evidence in the record that the business was continued, the properties managed, and the affairs handled, which should entitle the receiver to the maximum fee prescribed by the Bankruptcy Act. The trustee did not acquire new properties or make new explorations for oil, or extend the business, and hence does not bring himself within subsection (e) of section 48. However, the receiver is entitled to the maximum fees provided in section 48d of the act.

The bankrupt estate was one of large value, but one greatly involved. Mr. Sturm, the receiver and trustee, has had grave responsibilities and the performance of his duties required him to do considerable amount of work. By reason of his success as an oil operator in his individual and personal capacity, he was selected to administer the valuable estate of the bankrupt, and it shall be the order of the court that the receiver herein be allowed the maximum commissions established by section 48d upon all moneys which he disbursed or turned over to any person, including lienholders, and upon the money turned over or afterwards realized by the trustee from property turned over in kind by him. As trustee, Mr. Sturm will be allowed the maximum commissions provided in section 48a, since he has at all times since his appointment been active in the administration of the estate.

[11] A review of the fees retained by the referee is sought in the petition. Section 40a of the Bankruptcy Act fixes the fees or compensation of the referee, as follows:

"Referees shall receive as full compensation for their services, payable after they are rendered, a fee of fifteen dollars deposited with the clerk at the time the petition is filed in each case, except when a fee is not required from a voluntary bankrupt, and twenty-five cents for every proof of claim filed for allowance, to be paid from the estate, if any, as a part of the cost of administration, and from estates which have been administered before them one per centum commissions on all moneys disbursed to creditors by the trustee, or one-half of one per centum on the amount to be paid to creditors upon the confirmation of a composition."

It quite obviously appears that the referee is entitled to the fee of $15 for filing a bankruptcy petition, 25 cents for each proof of claim filed for allowance, and 1 per centum on all money disbursed to creditors by the trustee. He is also entitled to the necessary expenses incurred in the handling of the matter. When duties arise in the course of the administration of an estate, which are not comprehended within those duties prescribed for the referee, by proper order, such matters may be referred to the referee, to act as a special master, and for which services he may be entitled to a reasonable fee. It must be clearly understood that none of the duties properly to be performed by the referee can be referred to him as a special master, but only those which are outside the scope. In re Sweeney, 168 F. 612, 94 C. C. A. 90; In re Nankin, 246 F. 811, 159 C. C. A. 113.

[12, 13] Fixing attorney's fees is properly the work of the District Court, but such matters may be referred to a referee as special master, who shall report his findings to the court. In the instant case, $15 is a reasonable fee to be paid the special master in fixing the fees for the attorneys for the receiver, the trustee, the bankrupt, and the petitioning creditors. The record shows that $208,550.-85 was actually disbursed to creditors, and the referee is entitled to 1 per centum commission upon this amount. One hundred seventy-two claims have been filed for allowance, for which the referee is entitled to the sum of $43, or 25 cents per claim. No exception has been taken to the expenses of the referee; it therefore will not be considered.

[14] The referee claims as a fee one per centum of the amount disbursed to the attorneys for the respective parties in the bankruptcy case, to wit, attorneys for the receiver, trustee, petitioning creditors, and for the bankrupt. Section 40a of the act, supra (Comp. St. § 9624), contains words as follows: "Disbursed to creditors"—and it seems that this means creditors who were such at the time the petition in bankruptcy was filed. Fees are allowed to attorneys, not by express provision

in the Bankruptcy Act, but as necessary expenses of administration, as heretofore indicated. If a referee is entitled to a commission upon the amounts paid attorneys for the respective parties in the bankruptcy case, he should be paid a commission upon all administration expenses. But the act does not provide such commissions; it restricts the commission to moneys "disbursed to creditors." That a referee is not entitled to a commission upon the moneys paid out for expenses of administration is settled by the following cases: In re Motridge, 258 F. 229, 169 C. C. A. 539; Bray, Trustee, etc., v. Johnson, Referee, et al., 166 F. 57, 91 C. C. A. 643. See, also, In re M. F. Rourke Co. (D. C.) 209 F. 877; In re J. Bacon & Sons (D. C.) 224 F. 764; In re Shippers' Compress Co. (D. C.) 4 F.(2d) 256. The case of Oldham v. Parker, 5 F.(2d) 682, decided by the United States District Court for the Northern District of Texas, is contra to the views herein expressed, and permits the referee to receive a commission upon moneys paid as attorney's fees. I am unable to agree with the latter case, for the reasoning employed in the cases herein cited appears more reasonable than in the Oldham Case.

[15] The bankrupt owned an undivided one-half interest in an oil-producing property which was mortgaged for more than its value. Foreclosure proceedings were instituted in the United States District Court and a receiver appointed to take over the property. The trustee in bankruptcy surrendered the property to the receiver in the equity foreclosure suit upon proper order of the court. The property was sold and the proceeds paid to the mortgagees in the foreclosure action. The other mortgagees took the mortgaged property in lieu of filing claims and the value of these properties was fixed at $135,000. The referee claims as part of his fee, a commission of 1 per centum upon the $135,000, or the sum of $1,350. It is the opinion of the court that the referee is not entitled to the commission claimed, for the reason that these transactions do not constitute disbursements to creditors by the trustee, as provided in the Bankruptcy Act. Had the property been sold by the trustee free of the mortgages, it would have been administered in bankruptcy, and the referee would have been entitled to a commission upon the amount realized which was disbursed to creditors, whether secured or unsecured. However, in the instant case, the property was not sold by the trustee or the bankruptcy court, it was not disbursed to creditors, and it was not administered in bankruptcy; it was turned over to the United States District Court which had acquired jurisdiction by reason of foreclosure proceedings having been instituted prior to bankruptcy, as well as to the mortgagees. See Lucas v. Sherry (C. C. A.) 284 F. 965; American Surety Co. v. Freed, 224 F. 333, 140 C. C. A. 19.

[16] The referee claims a commission upon the value of certain oil which was held in storage, which he fixes at $183.95. The record shows that the bankrupt owned an interest in another oil-producing property; that he and another interest-holder, the Levant Oil Company, were indebted to the Rockland Oil Company for expenses incurred in the operation of the property. The last-named company had possession of oil produced from the property on which it claimed a lien for the amount due it. The trustee never took possession of the oil in question, but notified the Rockland Oil Company that he claimed it for the estate. The Rockland Company did not file a claim with the bankruptcy court, but accepted the oil in payment. The referee claims a commission upon the value of the oil. It is the order of the court that the referee is not entitled to a commission upon the value of the oil, for the matter was not administered in the bankruptcy court, and no "moneys were disbursed to creditors by the trustee" in this transaction. Lucas v. Sherry, supra.

It is the order of the court that the total amount of fees to be allowed the attorneys for the receiver and trustee be fixed at $12,000; that the fees for the receiver, trustee, and referee be fixed in accordance with the views herein expressed.